CHARLES BALLANCE, plaintiff in error, *v.* BARTHOLOMEW
FORTIER *et al.* defendants in error.

*Error to Peoria.*

A complaint for forcible entry and detainer contained the following averments, to wit: that the complainant was the owner of the premises in question and had, for more than ten years, been in the actual possession; that he put A. and B. into possession as his tenants for a specified rent; that soon after, B. left the country, A. still remaining in possession, who continued his tenant for a long time, paying rent occasionally; that before he left the premises, he and C. called on complainant to obtain permission for A. to transfer his lease to C. and the complainant assenting thereto, C. entered into possession and paid a portion of the rent; that recently, D. claiming to own said premises, bribed C. to attorn to him, and D. then entered and underlet the premises to C.; and that said C. and D. hold the premises against the affiant, refuse to pay rent to complainant, and that, by non-payment of rent, he was, by the terms of the lease, entitled to re-enter and possess said premises and had demanded the same in writing: *Held,* that the complaint was substantially sufficient; that it was only necessary to aver a demand in general terms and that the lease provided for a re-entry for non-payment of rent; that the defendants, under the circumstances, were not entitled to six months' notice; and that the collusion between C. and D. avoided their contract of attornment.

COMPLAINT for a forcible entry and detainer, before Thomas Bryant, Esq. a justice of the peace of Peoria County, brought by the plaintiff in error against the defendants in error. At the trial before the said justice and a jury, a verdict and judgment were rendered for the complainant. The defendants appealed to the Circuit Court of Peoria County, and at the October term 1846, the Hon. John D. Caton presiding, the complaint, on motion of the defendants, was dismissed.

A copy of the complaint is embodied in the Opinion of the Court.

C. *Ballance, pro se,* relied on the following points:

1. A tenant attorning to a stranger forfeits his lease;

2. A tenant refusing to pay rent or acknowledge his landlord forfeits his lease; and

3. The lease is void by its own provisions for non-payment of rent.

In support of these positions, he cited the following authorities: Rev. Stat. 325, 257: *Brubaker* v. *Poage*, 1 Monroe, 128; *Ewing* v. *Bowling*, 2 A. K. Marsh. 36; *The People* v. *Runkle*, 9 Johns. 147; *Moore* v. *Read*, 1 Blackf. 177; *The People, &c.* v. *Godfrey*, 1 Hall, 240; *Same* v. *Van Nostrand*, 9 Wend. 52; *Pollard* v. *Otter*, 4 Dana, 516; *Elms* v. *Randall*, 2 do. 100.

*O. Peters*, and *E. N. Powell*, for the defendants in error.

The only question presented by the assignment of errors, is, whether the complaint was sufficient, and whether the Court properly dismissed the suit for such insufficiency.

The complaint is insufficient for the following reasons, to wit:

1. It does not show how, or when demand was made of the defendants to deliver up possession. This should appear in the complaint, by averring it, or by copy of the demand verified by affidavit attached, as in ejectment, or in some other way, so that the Court may see that proper demand was made. Rev. Stat. 256, 701.

2. It does not show that the relation of landlord and tenant existed between the parties, or if this does incidentally appear, it does not appear that the defendants held over "wilfully and without force," after the determination of the lease. *Wells* v. *Hogan*, Bre. 264.

3. The complaint does not show that the complainant, at the commencement of the suit, was entitled to the possession of the premises. It alleges, that by the terms of the lease he had a right to re-enter and take possession, but nowhere avers or claims a present right. It states what the complainant claims to be the legal construction and effect of his lease, but claims no legal subsisting right of possession, nor does it show that he ever entered, or attempted to reenter. This should be done, because by the language of the statute, § 1, no offence is incurred by the tenant until after demand made by the person entitled to such possession.

4. It does not show that the relation of landlord and tenant

existed, or ever existed, between Ballance and Fortier, but it shows that Blumb became the tenant of Fortier. Without this relation, the plaintiff cannot have this remedy. *Atkinson* v. *Lester*, 1 Scam. 407. And this relation must exist between the complainant and all of the defendants, for where there are several defendants, and one of them shows that the action is not well brought as to him, it fails as to all. 2 U. S. Dig. 433, § 79. Fortier was not the tenant of the plaintiff, either directly, or as the sub-tenant of Blumb or Nachand. There is no privity whatever between them. Fortier claimed title, and entered under that claim of title. Blumb acknowledged the right and attorned; but the complaint does deny the title of Fortier. The complaint must show that both were tenants. 2. A. K. Marsh. 30. Defendants must as tenants of plaintiff.

5. It does not show when the lease or tenancy terminated, nor when the demand for the possession was made, whether before or after the tenancy terminated; or whether before or after the plaintiff had a right to re-enter. The complaint is silent as to this; it may have been made before Mr. Ballance was the owner, or before there was any pretence of forfeiture; *non constat*, but the demand was made the next day after the commencement of Blumb's term, and before Fortier set up any claim of right, or made any entry; so that it does not appear that there was any holding over "wilfully and without force."

6. Though the plaintiff claims to oust the defendants by reason of a forfeiture for the non-payment of rent, yet it nowhere appears that there was any rent in arrear. By his own showing, the term had not expired. He charges that the defendants refuse to pay rent; defendants answer that they may well do so, because plaintiff does not even charge them that there is any rent in arrear, but says that rent has been paid, but he does not know how much.

7. If complaint impliedly shows any tenancy, it does not show whether it was tenancy for years, or from year to year, or at will.

The complaint shows that the Nachands were to pay an annual rent of $30. This probably made them tenants from

year to year; thus they were entitled to six months notice to quit. This does not appear to have been given. 4 Kent's Com. 111, and *post. Ellis* v. *Paige*, 2 Pick. 71, note.

If the defendants were ( or either of them ) tenants at will, then this remedy is not given by the statute. The remedy is only where the tenant holds over after the time they were let to him. This can only mean a time certain, a time fixed by the parties, and not an uncertain and capricious determination of the will of the landlord. The statute means a "letting" for a "time."

But if the paying of an annual rent made the lessees tenants from year to year, and thereby rendered a notice of six months necessary, and a demand of possession after the expiration of the six months, and before suit brought, it shows still more the necessity of alleging in the complaint when the demand was necessary.

"This proceeding being contrary to the course of the Common Law," the jurisdiction must be shown, the justice must see that he has jurisdiction, and not leave it to be shown *in pais.* It is matter of averment, and not of proof without averment. *Wells* v. *Hogan*, Bre. 264.

8. The complaint does not show what kind of estate the plaintiff has in the premises. This is necessary. See 1 U. S. Dig. 242, 432, §§ 63–69; 13 Johns. 158; 1 Hall, 240.

Nor does it show that he had any legal estate until the day he commenced this suit. He says he *is* the owner, and for ten years has been in the possession of the lot, but what title or right he had when he demanded possession, does not appear.

9. Though the complaint alleges that Fortier bribed Blumb to attorn, it does not allege that Blumb did in fact attorn. The distinction between an agreement to attorn, and actually attorning is palpable.

The Opinion of the Court was delivered by

KOERNER, J.* This was an action commenced by Charles Ballance, the plaintiff below, under the 43d chapter of the

*PURPLE, J. did not sit in this case.

Revised Statutes, providing a remedy in cases of forcible entry and detainer, before a justice of the peace. Verdict and judgment were for plaintiff, and the defendants, Fortier and Blumb, appealed to the Circuit Court of Peoria County, where, at the October term 1846, the suit was dismissed on defendants' motion, for the reason that the complaint filed by the plaintiff was uncertain and insufficient, and showed no cause of action. The dismissal of the cause for the reason just mentioned is the only error assigned.

The complaint is as follows:

"The complaint of Charles Ballance, of Peoria, in said county, who being duly sworn, upon his oath gives Thomas Bryant, Esq. one of the justices of the peace of said county to understand and be informed, that he, the said Ballance, is the owner, and for more than ten years has been in the actual possession of a lot of ground in the town of Peoria, in said county, bounded as follows: Beginning at the northeasterly corner of the house built by Isaac Underhill and Aquilla Wren for a pork house, but which is now used by William R. Hopkins as a foundry; running thence up Water street sixty feet; thence across from said street at right angles 171 feet; thence down at right angles the course of Water street 60 feet; thence to the place of beginning: and on the 10th day of December, 1841, affiant put one John Nachand and Philip Nachand into possession of said premises as tenants of affiant, for a specific rent, to wit: the annual rent of $30. That soon after, but the date is not now known, said Philip left this part of the country, leaving said John in possession of said premises, and said John occupied the same as tenant of affiant for a length of time not recollected, but supposed to be as much as three years, and paid rent occasionally during said time, to this affiant, but how much of said rent was thus paid he cannot state, because a settlement has not been made between said John and this affiant; afterwards, and before said Nachand left said premises, he and one Peter Blumb called upon this affiant to know if he, affiant, would consent that said John should transfer said lease to said Blumb, and accept him as a tenant instead of

said John, whereupon this affiant consented to said arrange-
ment, and said Blumb thereupon entered into said premises
as the tenant of this affiant, and paid in carpenters' work
a part of the rent for the same, but how much this affiant
cannot state, not knowing the value of said work. About
ten days ago, affiant is informed and believes, that one Bar-
tholomew Fortier, who pretends to have a claim to said lot,
bribed said Blumb to attorn to him, and acknowledge him
as his landlord; and in pursuance of this arrangement, said
Fortier did enter said premises, and underlet a part thereof
to said Blumb; and now said Blumb and Fortier hold said
premises against this affiant, and both refuse to pay rent,
and acknowledge him as landlord of the premises.

Affiant further gives said justice to understand and be in-
formed, that the lease under which said John and Philip
Nachand entered into said premises, has long since been for-
feited for non-payment of rent, and affiant, by express pro-
vision of said lease, has a right to re-enter and take possession
of said premises; but said Fortier and Blumb refuse to let
him do so; wherefore affiant saith that said Fortier and
Blumb wilfully hold the possession of the said premises
against law and the will of this affiant, notwithstanding de-
mand has been made in writing by this complainant upon
them to quit and deliver up possession thereof to him. There-
fore he prays that the said Bartholomew Fortier and Peter
Blumb may be summoned to answer to the said complaint.

                                        C. Ballance.

Sworn to March 2d, 1846, before T. Bryant, J. P."

The clause of the statute which is applicable to the case
presented by this complaint reads as follows: "If any person
shall wilfully and without force hold over any lands, tene-
ments or other possessions, after the determination of the
time for which such lands, tenements or possessions were
let to him, or to the person under whom he claims, after de-
mand made in writing for possession thereof, by the person
entitled to such possession, such person shall be adjudged
guilty of a forcible detainer."

It is true that the complaint contains some immaterial

matter, and that what is material, is not stated with great clearness or precision. We are, however, of opinion that it is sufficient in substance. Although this is a statutory remedy, which requires that the proceedings under it should strictly conform to the provisions of the statute, it does not necessarily follow that the pleadings of the parties should be as technical as they are required to be in the Superior Courts. In a complaint of this kind, which must be made before a justice of the peace in the first instance, who by the fourth section of said chapter is required to set down the complaint in writing, the rule that every intendment must be taken against the pleader, would be manifestly unjust and would but illy comport with the liberal spirit in regard to proceedings before justices of the peace, which seems to pervade the acts of our Legislature. The complaint shows that Blumb was the tenant of Ballance, that he had paid only a part of the rent; that the lease to which Blumb had become a party contained an express provision, giving Ballance a right to re-enter for non-payment of rent; that by collusion with Blumb, Fortier was let into possession, and was acknowledged by him as landlord, and that Blumb now holds part of the premises under Fortier. Also, that demand has been made in writing by the complainant for the possession of the premises.

The defendants' counsel have raised very numerous objections to this complaint, some of which I deem it proper to notice. It is objected, that it is not shown how or when the demand for possession was made, nor what the terms of the lease were. This, in my opinion, is matter of proof, and all that is necessary to aver is, that demand was made and that the lease provided for a re-entry for non-payment of rent. It is also objected that the complaint does not show that Ballance was entitled to the possession at the time of the commencement of the action; but as Blumb was at the time his lessee, he was certainly entitled to possession as to him. If his own right had ceased, and an exception existed to the general rule, that the tenant cannot dispute his landlord's title, so that Blumb had a right to attorn, it was matter

of defence, and Ballance was not bound to negative it by allegations in his complaint. It is also urged, that the defendants were entitled to six months notice to quit; but if Ballance had a right to re-enter under the lease, or if the lease was forfeited by attornment, and the complaint assumes both these grounds, no notice farther than the statute requires was necessary, even if a tenant from year to year were entitled under our laws to six months' notice. It is also insisted, that there was no privity between Fortier and Blumb, inasmuch as Fortier does not claim under Blumb, but Blumb under him, and that consequently Fortier was no party, and the proceeding irregular. But we cannot admit this plea; for the purposes of this peculiar remedy, which would not be worth the name, if another construction were given, we must necessarily consider Fortier as holding under Blumb. The collusion between the parties which is charged here, avoids their contract of attornment, and leaves the naked fact remaining, that Fortier, in some way or another, came in by permission of Blumb, and, as against Ballance, holds under Blumb.

Upon the whole, we are satisfied that the complaint, though justly liable to many objections of a formal character, contains substance enough to give the magistrate jurisdiction, and that is all the law requires. The judgment below is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*