## JOHN E. COPPINGER ET AL.

### v.

## WILLIAM ARMSTRONG.

1. LEASE OF QUARRY—COVENANT TO REMOVE RUBBISH.—A lease of a quarry c ntained a covenant that the tenant should remove all rubbish and spawls and surrender the premises in as good condition as when the lease was granted, usual wear and tear excepted. At the time the lease was executed there was a considerable amount of rubbish and spawls left by a former tenant. *Held*, that the covenant only bound the lessee to the removal of such rubbish and spawls as had accumulated by reason of his own use of the prem_ ises, and did not compel him to remove that left by a former tenant.

2. PLEADING.—It is a familiar rule in pleading that every allegation in a declaration which is not denied by the plea, is by implication admitted to be true. So an allegation that the plaintiff was seized in fee of certain premises if not denied by plea, is not put in issue, and no proof is required to sustain it.

3. EVIDENCE—PROOF OF OWNERSHIP.—Proof of actual possession by a person claiming title in fee simple, is presumptive evidence of title in actions for injury to the inheritance, and casts the burden of rebutting the presumption thus raised upon the party contesting the title.

4. LEASE BY CORPORATION—NEED NOT BE UNDER SEAL.—The doctrine that corporations cannot make contracts only under the corporate seal, is not in force in this State.

5. BREACH OF COVENANT—DAMAGES.—Where a breach of a covenant is proved, the plaintiff is entitled to recover at least nominal damages, though unless actual substantial injury be proved, no more can be recovered.

6. LOCATION OF LANDS BY SURVEYOR FROM DESCRIPTION IN LEASE.— A description of lands in an instrument or lease is not imperfect because it may be impossible for a surveyor to locate such lands by means of the description alone without resorting to some means of information outside the instrument of conveyance.

7. ESTOPPEL TO DENY LANDLORD'S TITLE.—The lessee having enjoyed the premises under the demise without question or interruption, should not now be heard to deny that the lessor had a right to make the lease, or that the premises were well described by the instrument under which he held.

APPEAL from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 7, 1881.

Messrs. COPPINGER & GILLESPIE and Messrs. KROME & HADLEY, for appellants; that a tenant cannot dispute his landlord's

title, cited Ankeny v. Pierce, Breese, 262; Dunbar v. Bonesteel, 3 Scam. 30; Wells v. Mason, 4 Scam. 84; Fergusen v. Miles, 3 Gilm. 358; Rigg v. Cook, 4 Gilm. 336; Tilghman v. Little, 13 Ill. 239; Alwood v. Mansfield, 33 Ill. 452; Carter v. Marshall, 72 Ill. 609.

An assignee is estopped by rhe deed which estops his assignor: Taylor v. Needham, 2 Taunt. 278; Barrick v. Thompson, 7 Tenn. 488.

An assignee of the lessor is entitled to the same rights as the original lessor: Taylor's Land. and Ten. § 439; 3 Greenleaf's Ev. 260.

The seal of the corporation need not be affixed to the lease: Angell & Ames on Corporations, § 219; N. E. F. & M. Ins. Co. v. Schettler 38 Ill. 166; Board of Education v. Greenbaum, 39 Ill. 610; R. & M. R. R. Co. v. Farmers Loan & T. Co. 49 Ill. 331.

The execution of a contract with a corporation, admits the competency of such corporation to contract: Mitchell v. Deeds, 49 Ill. 416; Bigelow on Estoppel, 424; C. & A. R. R. Co. v. Shea, 66 Ill. 471; Curtiss v. Waterloo, 38 Ia. 266.

Resort may be had to parol evidence to give identity to the premises intended to be conveyed: Taylor's Land. & Ten. § 164; Jenkins v. Bolly, 1 S. & M. 338; Seaman v. Hogeborn, 21 Barb. 398; Colcord v. Alexander, 67 Ill. 581.

Messrs. WISE & DAVIS, for appellee; that the allegation that plaintiff was seized in fee, must be proved as alleged, cited Quincy Coal Co. v. Hood, 77 Ill. 68; Gridley v. City of Bloomington, 68 Ill. 47; 1 Chitty's Pl. 265; 1 Greenleaf's Ev. § 65; Boynton v. Robb, 41 Ill. 349; Wright v. Bennett, 3 Scam. 258; Jarrott v. Vaughan, 2 Gilm. 132; Ill. Mut. Ins. Co. v. Marseilles M'f'g Co. 1 Gilm. 236.

Where the truth appears by the same deed which would otherwise make an estoppel, the adverse party is not concluded from taking advantage of it: Warren v. Leland, 2 Barb. 613; Sinclair v. Jackson, 8 Con. 543.

The lease should have been under the seal of the corporation: Kinzie v. Chicago, 2 Scam. 187; N. W. Dis. Co. v. Brandt, 69 Ill. 658.

The description of the demised premises was imperfect and the lease void: Carter v. Barnes, 26 Ill. 454.

WALL, P. J.    The Alton Manufacturing Company, a corporation, leased certain real estate to Brennan, authorizing him in consideration of a certain annual rental, to quarry the rock thereon and convert the same to his own use.    The lessee transferred the lease to the appellee, Armstrong, and subsequently the lessor company conveyed the land to appellants, Coppinger and Biggins, and also assigned to them the lease.    This suit was brought by appellants against appellee, upon the covenants of the lease alleging that appellee had broken the same by not removing the spawls and rubbish from the premises at the expiration of the lease.    A demurrer was sustained to the declaration by the circuit court, and the plaintiffs electing to abide by their declaration, judgment was rendered against them for costs, whereupon plaintiffs appealed to this court, where the judgment was reversed, and the cause having been remanded, pleas were filed and upon a trial by jury verdict was found for defendant; a motion for new trial was overruled and judgment entered on the verdict.    The case is again brought here by appellants.    The first question presented is as to the proper construction to be given to the covenant which reads as follows: The said party of the second part further covenants with the said party of the first part, that at the expiration of the time mentioned in the lease peaceable possession of the said premises shall be given to said party of the first part, in as good condition as they now are, all rubbish and spawls to be removed, the usual wear and inevitable accidents excepted.    The writing is to be read by the light of the surrounding circumstances, in order more perfectly to understand the meaning and intent of the parties. 1 Gr. Ev. 277.    At the time this lease was made there was upon the premises a considerable amount of spawls and rubbish that had accumulated while the premises were occupied by former tenants, a large portion of which had been thrown into and used to fill up excavations resulting from previous quarrying operations.

It is contended that this covenant bound the lessee to re-

Coppinger v. Armstrong.

move all spawls and rubbish which might be on the premises, at the expiration of his term, including any that might have been there when the lease was made. This is not the fair import of the language employed. The words "all spawls and rubbish to be removed" are but a part of the general clause which was designed to secure a return of the premises " in as good condition as they now are, " and only amplify that expression. To require this tenant to remove all the spawls and rubbish placed there by his predecessors, would be to require him to leave the premises in *very much better* condition than when he secured them. Such a construction would do violence to the terms employed, and would produce a measure of liability which certainly was not intended by the parties. We are satisfied, that under this 'covenant, the lessee and his assignees are bound to remove only such spawls and rubbish, as result from the operations under this lease, and if this is done and the premises are otherwise in as good condition as when the lease was made, the " usual wear and inevitable accidents excepted, " and so surrendered at the expiration of the lease, this covenant is sufficiently performed. Objection is urged to the action of the court in modifying the plaintiff's instructions, but we are unable to see that any substantial error was committed in this respect. At the instance of the defendant the court gave the following instruction. Before the plaintiffs can recover in this suit, they must prove by a preponderance of the evidence.

1st. That the Alton Manufacturing Company were the owners in fee on the first day of January, 1869, of the land in controversy, and this fact must have been proved by the deeds showing title in said company, or by the records, in case the deeds were lost or could not be obtained.

2d. That on said date, the Alton Manufacturing Company, made a lease to one Luke Brennan, and this lease must be under the seal of said Company.

3d. That said Luke Brennan assigned said lease to the defendant.

4th. That the Alton Manufacturing Company conveyed the leased premises to the plaintiffs.

5th. That said lease contains a covenant to remove all spawls and rubbish at the end of the lease.

6th. That said defendants did not at the end of the lease remove all spawls and rubbish.

7th. That the plaintiffs were damaged by not removing the said sprawls and rubbish, and in case the plaintiffs have failed to prove any one of these essential requisites by a preponderance of the evidence, then the jury must find for the defendant. The first clause of this instruction was erroneous. While the declaration alleged that the plaintiff was seized in fee, and while this allegation is unnecessary to be made, it might, according to the analogy of some cases, have required proof to sustain it, if denied, yet we find nothing in the pleas putting it in issue.

It is familiar, that in pleadings at law, every material allegation in the declaration which is not denied by the pleas, is by implication admitted to be true, though in the chancery practice, the opposite rule prevails, that whatever is not admitted by the answer must be proved by the complainant.

Neither is it correct to suppose that the only way of proving ownership in fee is by the deed showing title in the company. Assuming that the company held the fee by virtue of a deed or deeds, it does not follow that these must be produced in order to show *prima facie* such ownership. Proof of actual possession by a person claiming title in fee simple, even in actions of ejectment and for injuries to the inheritance is presumptive evidence of title in the possessor, and devolves upon the party contesting the title the burden of rebutting the presumption thus raised. Mason v. Park, 3 Scam. 532; Clay v. Buyer, 5 Gil, 506; Record v. Williams, 7 Wheat. 59; 2 Gr. on Ev. § 309; Adams on Ejectment, Chap. 3.

The second clause of this instruction was erroneous in asserting that it was necessary that the lease should have been under the seal of the company. The statute of frauds does not require that such an instrument should be under seal when made between natural persons and the doctrine that corporations can make contracts only under the corporate seal is not in force in this State, and probably not in any other State of

the Union unless by virtue of some statutory provision. Angell and Ames on Corporations Ch. VII; 2 Kent's Com. 290–1; Racine, etc., R. R. Co. v. Farmer's Loan, etc., Co. 49 Ill. 331.

The seventh clause of the instruction was improper. If the plaintiff proved a breach of the covenant, the law would imply at least nominal damages, though unless there was proof of actual substantial injury no more could have been allowed.

The second instruction given for defendant which it is not necessary to insert at length as presented, declared that defendant was not estopped to deny that the instrument was valid if not under the corporate seal, but was modified by the court, by adding the proviso, unless the lessee was permitted to occupy the premises for the full term under the lease. As thus given it probably did no harm, but it should have been refused altogether as it was, and its only tendency was to mislead the jury from the real questions involved. The court gave the following instructions for defendant: "Although the jury may believe from the evidence that a paper termed a lease was made by the Alton Manufacturing Company to one Luke Brennan, and assigned by him to the defendant, yet unless they believe from the evidence that the description mentioned in the lease can be located by a surveyor from the lease alone and not in connection with any knowledge of his outside of the lease or with what he supposed to be the property then in law, the lease is void and the jury must find for the defendant."

In order to appreciate the effect of this instruction, it is necessary to notice the description in the lease of which it applied. The instrument at the commencement recited that it was made on the 1st day of January, 1869, between the Alton Manufacturing Company of Alton, Madison county Illinois, party of the first part, and Luke Brennan, party of the second part ; and witnessed that the party of the first part in consideration, etc., leased to the party of the second part the following property, to wit : " Commencing on the west line of the lands owned by the said party of the first part, where the same intersects the county road, running thence east on the north line of said road two hundred feet and extending back or north of equal width."

When this case was before us at a former term, it was objected that this description was so imperfect that it was void for uncertainty. We held otherwise, and see no occasion to change our opinion. It is now objected that a surveyor can not take this description and find the land without some knowledge outside of that derived from the written words, because to get a starting point he must know the location of the lands of the party of the first part, and therefore the description must be imperfect. This position is wholly untenable. It is not necessary that the location of the company's land should be set out in the description, and if it were set out by metes and bounds, or by other designation, there would still be a necessity to resort to some point or object as a place of beginning, and this must be ascertained and identified by physical search and identification. If the view contended for were sound there could be no perfect description, for in every instance there must be some ultimate point to be identified by physical examination, from which the survey proceeds. There is nothing ambiguous on the face of the writing. It simply refers to the west line of the company's land, where the same intersects the county road, for a starting point, and it seems from the evidence that the company had possessions to which the reference would apply. If it had been otherwise a different case would appear. If the company had two estates to which the reference would apply with equal certainty, then there would be a latent ambiguity, and parol proof would be admissible to show which was intended by the parties. Aside from the views here expressed, it would seem that the lessee having enjoyed the premises under the demise without question or interruption, ought not to be heard to deny that the lessor had a right to make the lease, or that the premises were well described by the instrument under which he held and according to which he paid rent for ten years.

It is urged that the defects in the instructions which have been pointed out were cured by instructions given for the plaintiff, but we think not, and are of opinion that they must have misled the jury. The judgment is therefore reversed, and the cause remanded for another trial.

Reversed and remanded.