## Vina Fields v. Paul Brown, Receiver.

1. ESTOPPEL—*By Lease, etc.*—When a person joins in and accepts a lease and enters into the demised premises under and by virtue of it, he is estopped from questioning the lessor's authority or his title.

2. JUDGMENTS BY CONFESSION—*What Confers Jurisdiction to Enter.* —In the confession of a judgment under a power contained in a lease, the filing of the declaration, lease, warrant of attorney, affidavit of its execution and the *cognovit*, presents a case of jurisdiction.

3. LEASE—*Execution of, in Duplicate.*—When a lease is in duplicate, it is the usual and common practice for the landlord to execute one copy and deliver it to the tenant and for the tenant to execute and deliver the other to the landlord. In such case there is but one lease and both the landlord and tenant are parties to it and bound by it.

4. SAME—*Of Premises for Immoral Purposes, When Equity Affords no Relief.*—Where a tenant uses demised premises for immoral purposes with the consent of the lessor, both are in *pari delicto* and equity will decline to assist either party but will leave the matter as it finds it.

5. MOTION—*To Vacate Judgments, Nature of, etc.*—A motion to vacate a judgment is in the nature of a bill in equity to set aside the judgment, and the defendant can only have such relief as he is equitably entitled to.

**Motion to Vacate a Judgment.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed May 10, 1900.

HENRY M. SHABAD, attorney for appellant.

KNIGHT & BROWN, attorneys for appellee.

Judgment entered upon a warrant of attorney contained in a lease will be sustained.

This precise question upon a warrant of attorney in precisely the same form as the one at bar has been before this court and before the Supreme Court of this State, and has been decided in favor of the sufficiency of such a warrant of attorney. Werkmeister v. Beaumont, 46 Ill. App. 369; Seaver v. Seigel, 54 Ill. App. 634; Scott et al. v. Montonya, 60 Ill. App. 481; Bush v. Hanson, 70 Ill. 480; Fortune v. Bartolomei, 164 Ill. 51.

Tenant can not be heard to question landlord's power to make a lease on the authority of the agent acting on behalf of the landlord.

Appellant took possession of the premises and did not question the title of the landlord or the authority of his agent until after the entry of judgment in this case; appellant can not now be heard to raise the question of title. Taylor's Landlord & Tenant (8th Ed.), Sec. 629, and cases cited in note 5.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from an order overruling a motion to vacate a judgment entered by confession at the May term, 1899, of the Circuit Court.

It appears from the record that appellee filed May 15, 1899, his declaration on a written indenture of lease executed April 26, 1898, from appellee to appellant, of certain described premises, for a term from May 1, 1898, to April 30, 1899, at an annual rental of $2,100, payable in monthly installments of $175 each, on the first day of each month of the term. The declaration alleged non-payment of the installments of rent due respectively for the months of March and April, 1898, and claimed $30 as attorney's fees.

A copy of the lease, signed by Vina Fields, was filed with the declaration, which contains the following warrant of attorney:

"The party of the second part hereby irrevocably constitutes Samuel H. Wright, or any attorney of any court of

record of this State, attorney for her in her name, on default by law of any of the covenants herein, etc., to enter her appearance in any such court, waive process and service thereof and trial by jury, and confess judgment against her in favor of said party of the first part, or his assignee, for forcible detainer of said premises with costs of said suit; and also to enter her appearance in such court, waive process and service thereof, and confess judgment from time to time, for any rent which may be due to said party of the first part by the terms of this lease, with costs and twenty dollars attorney's fees, and to waive all errors and all right of appeal from said judgment and judgments, and to file a consent in writing that a writ of restitution or other proper writ of execution may be issued immediately, and said party of the first part waiving all right to any notice or demand," etc.

An affidavit of Philip L. Marshall was also filed with the declaration, in which the affiant deposes that he was appellant's agent; that the signature " Vina Fields" to the lease was appellant's genuine signature, and was made in his presence; that a duplicate of the lease was signed by appellee by his agents, and was delivered to appellant, and that there was due appellant on the lease $370, which included $20 attorney's fees. A *cognovit* was filed in the usual form, confessing damages to the amount of $370, and judgment was entered accordingly.

Appellant's counsel objects that appellee's authority to execute the lease was not proved. Appellant having joined in and accepted the lease, and having entered into the demised premises under and by virtue of the demise, she is estopped from questioning appellee's authority or his title.

It is further objected that the court was without jurisdiction and the judgment void, because the copy of lease filed with the declaration was not signed by appellee, but only by appellant.

The filing of the declaration, lease and warrant of attorney, and affidavit of its execution, and the *cognovit*, presented a case of jurisdiction. Bush v. Hanson, 70 Ill. 480.

The fact that appellee signed only the copy of the lease

which was delivered to appellant, is immaterial. The lease executed by appellee was the original, and that executed by appellant a counterpart, and such counterpart can not be disputed or impeached by appellant, and is primary evidence as against her of the execution and contents of the lease. Wood on Landlord & Tenant, p. 324, Sec. 216.

When a lease is in duplicate, it is the usual and common practice for the landlord to execute one copy and deliver it to the tenant, and for the tenant to execute and deliver the other to the landlord. In such case there is but one lease, and both landlord and tenant are parties to it and bound by it.

In support of the motion to vacate the judgment, appellant filed her own affidavit, and also the affidavit of one Lena Stewart, her housekeeper, showing that the demised premises were used by appellant as a house of ill-fame, and deposing that appellee had knowledge of such use, and urges this as a reason why the judgment should be vacated. This is an appeal from the order overruling the motion to vacate the judgment, and not from the judgment. An appeal from the judgment was not prayed nor allowed, nor would such appeal lie, in view of the terms of the warrant of attorney. The question therefore is, whether the matter shown by the affidavits, even conceding that it would be a good defense to a suit on the lease, is sufficient ground for vacating the judgment. A motion to vacate a judgment is in the nature of a bill in equity to set aside the judgment, and the judgment defendant can only have such relief as he or she is equitably entitled to. Rising v. Brainard, 36 Ill. 79; Farwell v. Myer, Ib. 510; Hansen v. Schlesinger, 125 Ib. 230; Leavitt v. Kennicott, 54 Ill. App. 633.

If the appellant used the premises for immoral purposes with appellee's consent, she is, at least, *in pari delicto* with appellee, if her's was not the greater fault.

In such case the rule in equity is that the court will not assist either party, but will leave the matter as the court finds it. Goodrich v. Tenney, 144 Ill. 422; Bishop v. Am. Preservers' Co., 157 Ib. 284, 315; Cook v. Meyers, 166 Ib. 282, 289; Paige v. Hieronymous, 180 Ib. 637.

The position in which the court finds appellant in the present case, is with a judgment against her in favor of appellee. She seeks to have that judgment vacated on the ground of an illegality in respect to which her fault was as great if not greater than that of appellee. She does not come into court with clean hands. The court will leave her where it finds her. We find no reversible error in the record.

The order overruling the motion to vacate judgment will be affirmed.