## C. M. Haynes et al. v. The Sherwin-Williams Company.

### Gen. No. 12,452.

1. FORCIBLE DETAINER—*when objection to complaint in, comes too late.* An objection to the sufficiency of the complaint in forcible detainer should be presented in the form of a motion to quash, and an objection raised after the trial has actually commenced comes too late.

2. FORCIBLE DETAINER—*description in complaint need not conform to lease.* In an action by the owner of premises to recover property held under a lease, it is not essential that the description in the lease and in the complaint should be identical; the complaint should describe the premises properly and then it may be shown upon the trial that the tenant entered into and kept possession of the premises under the lease.

3. FORCIBLE DETAINER—*when complaint sufficiently describes.* A description in a complaint in forcible detainer need not be technically correct; a general description will do, if from it the property can be located.

4. FORCIBLE DETAINER—*who proper parties to.* Persons in possession under the actual lessees are proper parties defendant to an action of forcible detainer.

5. LEASE—*when tenant estopped to deny description contained in.* Where a tenant has enjoyed premises under a lease for its full term, he will not be heard to say that such premises are not well described in the lease.

6. LEASE—*when execution of, cannot be denied.* The execution of a lease cannot be denied in an action of forcible detainer where no verified plea denying such execution has been interposed.

7. ERRORS—*when will not be considered.* Errors not assigned will not be considered on appeal.

Forcible detainer proceeding. Error to the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed May 7, 1906.

JOHN C. TRAINOR, for plaintiffs in error.

HAMLIN & BOYDEN, for defendant in error.

MR. JUSTICE BALL delivered the opinion of the court.

This was a forcible detainer brought December 5, 1904, by the defendant in error against the plaintiffs in error. Issue was joined, and upon trial at the close of all the evi-

dence, the jury, under the instructions of the court, returned a verdict finding the plaintiffs in error guilty of unlawfully withholding possession of said premises from the defendant in error. Judgment for possession and an order for writ of restitution and execution for costs were entered against plaintiffs in error. This writ of error followed.

The complaint described the premises as "two fishing shanties situated on the shore or banks of Lake Calumet between Kensington ave. and 115th street, east of the factory of the Sherwin–Williams Co., in the county of Cook and State of Illinois." The writ of restitution followed this description.

It appeared on the trial that October 8, 1902, a written lease was executed between The Sherwin–Williams Co., party of the first part, and the Muskrat Gun Club and Charles Slater and Edward Meisner, parties of the second part, by which the party of the first part leased to the parties of the second part "Property now occupied by the Muskrat Gun Club and Charles Slater and Edward Meisner. Property situated on the banks of the Sherwin–Williams Co's property on Lake Calumet at Pullman, Ill.", from October 8, 1902, to October 8, 1903, for a rental of one dollar, "with privilege of extending lease for an additional year."                              [SEAL.]

Signed        "THE SHERWIN–WILLIAMS Co.,        [SEAL.]
                       H. J. Hain, Supt.
                 Muskrat Gun Club,                [SEAL.]
                    C. M. HAYNES,
                    CHAS. SLATER,
                    ED. MEISNER."

The evidence offered by defendant in error tended to prove that the premises at the time of the trial were in possession of said Haynes, Slater, Meisner and Bellman, and had been in their possession ever since the date of the lease; that they did not take possession of the property until the lease was executed, but they did endeavor to get possession of it before that time; that there was no other

lease between the parties; and that they came voluntarily to the office of The Sherwin-Williams Co. and entered into the lease before a notary public.

Plaintiffs in error say, that the writ should have been quashed because the complaint is fatally defective, in this, it was admitted that F. C. Rossiter, surveyor, if present would swear that he made a survey and a map of the premises east of The Sherwin-Williams Co's premises, and that the premises occupied by the plaintiffs in error are located in Lake Calumet, in Government waters, more than 290 feet east of the Government meander line. The map referred to was presented with the affidavit concerning Rossiter's testimony, but it was not offered in evidence, nor was it examined by the court. The location of the meander line does not limit the title of the shore owner. That title advances and recedes with the fluctuations of the actual water line so long as that line is affected by natural causes only.

The objection to the sufficiency of the complaint comes too late. It should have been presented in the form of a motion to quash before the trial was entered upon. It cannot be raised after the trial has actually commenced. Leary v. Pattison, 66 Ill. 206.

It is not essential that the description in the lease and in the complaint should be identical. The complaint should describe the premises properly, and then it can be shown upon the trial that the tenants entered into and kept possession of the premises under the lease. Gerlack v. Walsh, 41 Ill. App. 85.

The description of the premises need not be technically accurate. A general description will do, if from it the property can be located. St. Louis Ry. Co. v. The Wiggins Ferry Co., 82 Ill. 233.

In this case the plaintiffs in error having enjoyed the premises under the lease for its full term, will not now be heard to say that such premises are not well described in the lease. Coppinger v. Armstrong, 8 Ill. App. 210.

The objection that Haynes and Bellman, not being par-

ties to the lease, should not have been included in the judgment, was not made in the trial court and is not included in the assignment of errors filed in this court. It is now too late to raise this question for the first time.

Haynes and Bellman were in the leased premises with or under the actual lessees, and as such must be regarded as holding under the lease. Ballance v. Fortier, 8 Ill. 291, 298.

It is axiomatic that a tenant cannot dispute the title of his landlord until after he has restored the possession of the premises to the landlord. Our Supreme Court announced this rule in 1828 (Ankeny v. Pierce, Beecher's Breese, 262) and has never since departed from it.

The evidence offered by plaintiffs in error to show fraud upon the part of the defendant in error, and to show that the lease was obtained under duress, if admitted, was wholly insufficient to establish either contention. The trial court was therefore justified in rejecting such evidence. Dunbar v. Bonesteel, 3 Scam. 34.

Plaintiffs in error offered evidence tending to prove that they did not execute the lease on which the suit was brought. The learned trial judge excluded such evidence. In this he was right, for section 34 of the Practice Act provides that no person shall be permitted to deny on trial the execution of any instrument in writing upon which the suit is brought, unless the person denying the same shall, if defendant, verify his plea by affidavit. Plaintiffs in error did not comply with this statute, and having so failed they were precluded on the trial from controverting the execution of the instrument. Stevenson v. Farnsworth, 2 Gilm. 715.

Finding no reversible error in this record, we affirm the judgment of the Circuit Court.

*Affirmed.*