# Edward M. Willoughby, Receiver, Appellee, v. Security Trust & Deposit Company, on appeal of Security Trust & Deposit Company, Appellant.

## Gen. No. 22,909.

1. LANDLORD AND TENANT, § 18*—*when relation of created by attornment to receiver.* Where a lessee attorns to a receiver, the relation of landlord and tenant is thereby established, and the lessee cannot thereafter deny the receiver's title in an action by the receiver to enforce against him a lien given by his lease.

2. LANDLORD AND TENANT, § 336*—*when lien of lessor covers safety deposit vaults.* Under a lease which provides that "The improvements to be made upon said premises shall be for use as Safety Deposit Vaults," and giving a "First lien upon all the improvements upon said premises, or that may at any time be placed or erected thereon," the lien provided for by the lease covers safety deposit vaults placed on the premises by the lessee.

3. LANDLORD AND TENANT, § 327*—*when solicitor's fees allowed on foreclosure of lien.* On foreclosure of a lien given by a lease, solicitors' fees are properly allowed where the lease provides that the lessee shall pay all costs and solicitors' fees and expenses arising from the enforcement of its covenants by the lessor.

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed January 31, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCIX 29

A. A. ROLF, for appellant; ALVIN E. STEIN, of counsel.

HOLLETT, SAUTER & HOLLETT, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the Security Trust & Deposit Company, one of the defendants below, from a decree of the Circuit Court of Cook county, which foreclosed a lien given by a certain lease upon the leasehold interest thereby conveyed to secure the rent therein reserved.

The original lessor was the Masonic Fraternity Temple Association, which devised a part of its building and premises for a term of 94 years. The interest of the original lessee was by him conveyed to one Dickinson, who in turn conveyed to appellant who thereafter became a tenant under said lease, using the premises for a safe depository business. The greater part of the equipment was placed on the premises prior to the making of the original lease and the remainder was placed therein by appellant after taking possession thereunder.

The complainant, Edward M. Willoughby, was, prior to bringing this suit, appointed receiver for the lessor, Masonic Fraternity Temple Association, by the Circuit Court of Cook county, and by the order appointing him was vested with full authority to collect all rents due from tenants or occupants of the building to the association or its stockholders and to sue therefor in his own name. The order further directed all tenants of the building to attorn to the receiver. Appellant did so attorn in writing and thereafter paid rent to said receiver. Appellant having afterwards made default in the payment of the instalments of rent due, the receiver was by the court ordered to take necessary proceedings in law, or in equity, to enforce

the lien provided for by the lease and thereupon began these proceedings.

The cause was referred to a master and upon his report the decree appealed from was entered. Appellant first insists that complainant failed to prove such title or interest as gives him the right to foreclose the lien given by the lease because no assignment or conveyance from the original lessor to the receiver was proved. We think, however, that irrespective of the rights which the receiver took by virtue of his appointment, appellant having attorned to the receiver, the relation of landlord and tenant was thereby established and that appellant is now estopped to deny the receiver's title in this proceeding. *Haynes v. Sherwin-Williams Co.*, 126 Ill. App. 414; *Mackin v. Haven*, 187 Ill. 480; *Fields v. Brown*, 89 Ill. App. 287.

Appellants further contend that the decree is erroneous in that it finds that the complainant has a lien in and to the deposit vaults placed by defendant upon the premises. The lease provides: "The improvements to be made upon said premises shall be for use as Safety Deposit Vaults." It also gives a "First lien upon all the improvements upon said premises, or that may at any time be placed or erected thereon * * *." We think these provisions covered the property in question. *Webster v. Nichols*, 104 Ill. 160.

Appellant further complains because the decree in question allows solicitors' fees and expenses to the complainant. The lease provides: "That the said party of the second part shall pay and discharge all costs and attorneys' fees and expenses that shall arise from enforcing the covenants of this indenture by the party of the first part." While the amount of solicitors' fees in this case would ordinarily be considered large, we think the amount is justified by the evidence. Other errors were urged which we do not deem it necessary to consider. The decree will be affirmed.

*Affirmed.*