Woolley *v.* Wilber,

WOOLLEY *vs.* WILBER.

Where the plaintiff in a justice's court claimed damages in his declaration to an amount beyond the jurisdiction of the justice, and issue was joined and the cause adjourned; *held* that the plaintiff on the adjourned day might be permitted to amend the declaration so as to bring the case within the justice's jurisdiction, though the defendant objected to the amendment.

ERROR to Dutchess C. P. Wilber sued Woolley before a justice by summons, claiming damages to $100. He declared in trespass for killing his dog. There were two counts, each of which concluded "to the plaintiff's damage of one hundred dollars." The defendant pleaded the general issue, and the cause was adjourned by consent of parties, after the plaintiff had demanded a trial by jury. On the adjourned day the parties appeared, a venire was returned, and a jury sworn. The defendant then suggested that the justice had no jurisdiction, as the declaration claimed more than one hundred dollars damages, and that nothing which the parties could do would give jurisdiction. The plaintiff thereupon asked leave, which the justice granted though the defendant objected, to amend, by adding to the declaration the words, "in all the causes of action," so as to limit the whole claim of damages to one hundred dollars. The trial then proceeded without further objection, and evidence was given on both sides. The jury found a verdict for the plaintiff of $10, on which the justice rendered judg

ment, which was affirmed on *certiorari* by the C. P. The defendant brings error.

*G. Dean*, for plaintiff in error.

*R. W. Peckham*, for defendant in error.

*By the Court*, BRONSON, Ch. J.  The summons was right; it was personally served, and both parties appeared; but as the plaintiff made a mistake in the form of his declara- tion, by claiming damages beyond the jurisdiction of the jus- tice, it is insisted that the cause was completely out of court, and therefore the justice had no power to allow the amend- ment. I think that is going too far. It may be conceded, that without an amendment there would have been a fatal objection to the judgment, although the verdict was only ten dollars. (*Anon.* 2 *Mod.* 206 ; *Comyn's Dig. County, C.* 8 ; *Yager* v. *Hannah*, 6 *Hill*, 631.) But where the party has been regularly brought into court, and is present when the motion is made, I see no good reason why the pleadings may not be amended in a point touching the jurisdiction of the court, as well as in relation to any other matter. And if the justice had power, it was a very proper case for allowing the amendment to be made.

Judgment affirmed.