Jaycox *v.* Pinney.

---

paper his grantee was obtaining, or had obtained from others.

The judgment should be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Oswego, May 7, 1872. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.

---

## JAYCOX *vs.* PINNEY.

A justice of the peace has the right to allow an amendment of the complaint, on the trial of an action before him, by reducing the amount of damages claimed therein below fifty dollars; although the effect of such an amendment will be to deprive the defendant of a right to a new trial in the county court.

APPEAL by the defendant from a judgment of the county court of Jefferson county, reversing a judgment of a justice of the peace.

The action was brought before a justice of the peace to recover damages for the loss of a cow, whose death, it was alleged, had been caused by the negligence of the defendant.

The complaint, which was in writing, alleged that the plaintiff had sustained damage in the sum of $60, and demanded judgment for that sum and costs. The answer was a general denial. Upon the issue thus formed, the parties went to trial before the justice, and without a jury. Evidence was given, on the part of the plaintiff, tending to show negligence of the defendant, and the plaintiff himself testified that the cow was worth $40. No other evidence, as to damage, was given by the plaintiff, and he having rested his case, the defendant moved for a nonsuit, upon the ground that no cause of action had been proven. This motion being denied by the justice, the plaintiff moved to amend his complaint, and under the defendant's objection, and without terms, was permitted to

Jaycox *v.* Pinney.

substitute a new complaint, substantially the same as the original complaint, except that the damages were stated at the sum of $40, and the demand for judgment fixed at that sum instead of $60, as in the original complaint. The defendant, after demanding a trial by jury and requesting the justice to issue a venire, which was refused, proceeded to his defense, and proved, by several disinterested witnesses, that the value of the cow did not exceed $15. The justice rendered judgment for the plaintiff for $30 damages, with costs.

On appeal to the county court, the judgment of the justice was reversed, on the ground that the amendment of the complaint was improperly allowed by the justice.

*D. O'Brien,* for the appellant.

I. The county court held the judgment of the justice to be correct, except as to his ruling in allowing the complaint to be amended. The judgment of reversal was placed upon that ground alone, and this is the only question necessary to advert to here. The position of the county judge upon that point is unsound, and cannot be maintained. The power exercised by all courts, of allowing amendments to pleadings, is necessary for the proper administration of justice. The propriety of the exercise of this power, is left by law entirely with the judge or magistrate before whom the trial is had. In other words, the propriety or necessity of amendments, is a matter resting purely in discretion. The exercise of this discretion by a justice of the peace, whether right or wrong, is not subject to be revised or reviewed by any appellate court. *Sammis* v. *Brice,* 4 *Denio,* 576. *Jenkins* v. *Brown,* 21 *Wend.* 454. *White* v. *Stevenson,* 4 *Denio,* 193. *Babcock* v. *Lipe,* 1 *id.* 139. *Brace* v. *Benson,* 10 *Wend.* 213. *Woolley* v. *Wilbur,* 4 *Denio,* 570. *Colvin* v. *Van Patten,* 15 *Wend.* 557. *Mosher* v. *Lawrence,* 4 *Denio,* 419. *Bull* v. *Colton,* 22 *Barb.* 94. *Tattersall* v. *Hass,* 1 *Hilt.* 56.) It will be seen that in some of the above

cases the precise question as to the right of the justice to allow the complaint to be amended by reducing the amount of damages claimed, was upheld, and in nearly all of them the Supreme Court held, that though, as a question of propriety, the decision of the justice was wrong, yet as it was a matter wholly in his discretion, no power existed in any appellate court to reverse his judgment on such grounds. If a judicial officer, through dishonesty, ignorance or corruption, perverts or abuses discretionary powers confided to him by the law, the judgments or rights of parties are not to be affected thereby. The remedy is impeachment or removal from office. Some legal right must be invaded or denied, in order to warrant an appellate tribunal in interfering; and the decision of a magistrate, in a matter wholly in his discretion, though the decision may operate unjustly to one of the parties, is not such an error as an appellate court can correct. Even if this court could review the discretionary powers of the justice, in allowing amendments, his action in this case would be upheld. 1. It was merely conforming the demand for damages in the complaint to the proof, on that subject, given by the plaintiff. 2. The amendments expunged all the allegations as to defective fences, &c. 3. It put the compensation of the defendant upon a *quantum meruit*, rather than upon the " usual price in the neighborhood," which the plaintiff might be obliged to prove. 4. The " substantial legal right" of the defendant to a new trial in the county court, before a jury, depended upon speculation and refinement. The defendant waived his right to a jury trial before the justice. If he desired his rights to be determined in that form of trial, he had a fair opportunity. In submitting his rights to the judgment of the justice, the defendant is chargeable with knowledge of all the rules of law pertaining to such courts, and therefore chargeable with full knowledge of all the discretionary powers of the justice, as to amendments, and must

Jaycox *v.* Pinney.

now be deemed to have assented to their exercise by the justice, when, in his judgment, it became necessary. The argument now assumes that he intended to experiment before the justice, and, if beaten there, prolong the litigation in the county court before a jury. If the defendant has been deprived of the power of thus perpetuating litigation by the exercise of the discretionary powers of the justice, it can hardly be said that he has lost a "substantial legal right" calling for the protection of this tribunal.

II. The well settled rule, that upon appeals from justices' judgments, errors not affecting the merits, and technical defects, are to be disregarded; that every intendment will be made in support of the judgment; that the justice's decision upon disputed questions of fact will not be reviewed; that his judgment is not to be reversed, even for errors in admitting or excluding evidence, or upon other questions of law, unless the other party is prejudiced thereby, leaves nothing further for examination by this court.

*Wynn & Porter,* for the respondent.

I. The defendant went to trial before the justice, without a jury, upon the original complaint, demanding judgment for $60. This gave him the right, on appeal, to a new trial in the county court. (*Code,* § 352, *subd.* 2. 27 *How.* 368.) The complaint was not asked to be amended until after the plaintiff rested his case. Subdivision 11 of section 64 of the Code of Procedure provides for amendments in justices' courts, " at any time before the trial or during the trial, or upon appeal, when, by such amendment, substantial justice will be promoted." The amendment was in no way beneficial to the plaintiff, did not in the least degree promote " substantial justice," so far as the plaintiff was concerned; his rights were the same without it as with it; but as to the defendant, he

was deprived of a right, a *substantial* right, the right, on appeal, to have a new trial in the county court. The plaintiff, by his complaint, had given him that right and induced him to go to trial before the justice, without a jury, under the belief that such privilege was secured to him. Have we not, under the circumstances of this case, a right to say that the amendment was made by the plaintiff and allowed by the justice, not for the purpose of promoting justice, but expressly to deprive the defendant of his right to a new trial in the county court; a right secured to him by the original complaint, and vested, so that it was error in the justice to deprive him of it? The county court, entertaining this view, reversed the judgment upon this ground alone; and we submit, rightfully, and its decision ought to be sustained by this court.

II. If this court passes upon any other point in the case than the one decided by the county judge, we submit there are other reasons why the judgment of the justice should stand reversed.

*By the Court,* TALCOTT, J. This was an action to recover the value of the plaintiff's cow, killed by the negligence of the defendant. The action was originally brought before a justice of the peace. The cause was tried before the justice, without a jury, and the plaintiff recovered a judgment of $35, damages and costs.

The judgment rendered by the justice was reversed by the county court of Jefferson county, upon the sole ground that, on the trial, the justice allowed a certain amendment to the complaint; and his power to allow the amendment is the only question argued on this appeal.

In his original complaint, the plaintiff had alleged that by the killing of the cow he had sustained damages to the sum of $60, for which sum, with the costs of the action, he demanded judgment. After a motion for a nonsuit, by the defendant, the plaintiff moved to amend his com-

Jaycox *v.* Pinney.

plaint, and the defendant objected; but the justice granted the motion, and the plaintiff put in his amended complaint, in writing.

The amended complaint omitted certain allegations contained in the original complaint, but did not materially change the cause of action therein stated. It alleged the damages to be only $40, and demanded judgment for that sum, only, with the costs of the action.

As the complaint originally stood, the judgment demanded being more than $50, the defendant, on appeal to the county court, would have been entitled to a new trial. If the amendment was justifiable the cause is not to be re-tried in the county court; but in order to reverse the judgment it is necessary to show error in the proceedings before the justice.

On the trial, the value of the cow was in dispute, and before the amendment the plaintiff, in his own testimony, had fixed the value of the cow at only $40. That the power to amend embraced the power to render the amount of damages claimed in the complaint in a justice's court, was decided in *Woolley* v. *Wilbur*, (4 *Denio*, 570.) Even though before the amendment the claim of damages was such that the justice had no jurisdiction.

In this case it is claimed that the sole object of the amendment was to deprive the defendant of the right to a new trial in the county court; and such may have been the fact. The power to amend the pleadings in justices' courts is conferred by subdivision 11 of section 64 of the Code.

By that provision amendments are allowed before or during the trial, or on appeal, " when by such amendment substantial justice will be promoted."

It is claimed that allowing an amendment whereby the unsuccessful party will be deprived of a new trial in the county court, is not promoting substantial justice, but the contrary. This argument, we think, is fallacious.

Substantial justice, certainly, cannot be greatly outraged by conforming the pleadings to the proof. The claim of much greater damages than the plaintiff himself claimed to have sustained, when it was productive of the consequence that the defendant might not be compelled to disclose his defense, but might lie by and throw the entire costs of the litigation, amounting, probably, to more than the damages in controversy, upon the plaintiff, by reducing his judgment $10, was, most likely, from the ignorance of the plaintiff or the person who acted as his attorney in the justice's court. Although the statute providing for a new trial in the county court makes the new trial depend upon the amount claimed in the complaint, yet its general purpose was to prevent the expense of a new trial in the appellate court in cases involving amounts less than $50.

In this case the parties were before the court, and, presumptively, prepared to litigate the question on the merits. In such cases, the policy of the law is, that the controversy, when it involved less than $50, should be settled in the justice's court, unless some error of law or fact is there committed. Where the real claim of the plaintiff is upwards of $50, an amendment has been allowed, reducing the claim for judgment below $50, or, in case such an amendment is made in the absence of the defendant, who may have relied on his right to a new trial, the amendment might be more objectionable.

But in a case like this, where the real claim of the plaintiff, as conceded by him on the trial, in the presence of the defendant, was less than $50, and where it is reasonable to suppose that the misstatement of the amount claimed was through ignorance and mistake, and where the amendment could not well have operated as a surprise upon the defendant, we cannot see but that the amendment, by conforming the complaint, as to its demand of judgment, to the real claim of the plaintiff, was in furtherance of justice.

---

While, of course, the statute is to be enforced, as to new trials in the county court, yet the practice of lying by with defenses and testimony, available in a justice's court, but withheld there for the purpose of throwing a large bill of costs upon a plaintiff, who is proceeding in good faith, is not to be encouraged.

The judgment of the county court must be reversed, and that of the justice affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 4, 1872. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]