[No. 3,521.]

## WILLIAM ALFORD v. W. S. BARNUM, H. HUMPHREY, JESSE BARNEY, AND H. KASHNER.

MINERAL LANDS ON PACIFIC RAILROAD GRANT.—The mere fact that land contains particles of gold, or veins of gold-bearing rock, does not necessarily impress it with the character of "mineral land," within the meaning of the Acts of Congress of July 1st, 1862, and July 2d, 1864, granting alternate sections to the Pacific Railroad, but reserving from the grant mineral lands.

PAROL LICENSE MUST BE PLEADED.—In order to justify the execution of a ditch on the land of another under a parol license, the license must be pleaded.

APPEAL from the District Court of the Fourteenth Judicial District, County of Placer.

Action to abate a ditch as a nuisance. The complaint averred that the plaintiff, since November, 1867, had owned the northeast quarter and the northwest quarter of section twenty-nine, township fourteen north, range six east, Mount Diablo meridian, and that the defendants, in March, 1871, dug a ditch across the same, about two feet deep and three wide, and that the ditch was dug and used for mining purposes.

The defendants answered that the land was the public mineral land of the United States, and that they were mining thereon for gold.

The land was within the grant to the Central Pacific Railroad Company, and the company, prior to the excavation of the ditch, had received a patent for it, which patent excepts from its operation all "mineral lands." The plaintiff, at the time the ditch was dug, was in possession of the land under a contract of purchase from the railroad company. On the trial the defendants introduced testimony tending to show that they dug the ditch by the license of the plaintiff, and on the following day, but before the argument of the case, the defendants asked leave to amend their answer by setting up a license. The plaintiff objected, and the Court sustained the objection. The plaintiff had judgment, and the defendants appealed.

The other facts are stated in the opinion.

*Jo Hamilton* and *B. F. Myres*, for Appellants.

*Fellows & Norton*, for Respondent.

By the Court, NILES, J.:

In the statement on motion for a new trial no objection is made to the findings that at the time of the alleged injuries the plaintiff was in the possession of the land described in his complaint, holding under a written contract for purchase from the Central Pacific Railroad Company, who held under grant and patent from the United States; and that the ditch dug and maintained by the defendants was injurious to the premises, and interfered with the free and full enjoyment thereof by the plaintiff.

Upon these facts it would seem that the plaintiff was entitled to recover. But it is contended by the defendants that the land in controversy was "mineral land," and so within the reservations of the Act of Congress of July 1st, 1862, and July 2d, 1864, by which public lands were granted to the railroad company, and within the exceptions and reservations of the patent, which, in this respect, follows the terms of the granting Acts.

It would be a sufficient answer to this objection to say, that the character of the land, as mineral or otherwise, was directly in issue in the case, and, upon evidence substantially conflicting, the Court found this issue in favor of the plaintiff. But upon an examination of the evidence we see no reason to doubt the correctness of the finding. The mere fact that portions of the land contained particles of gold, or veins of gold-bearing quartz rock, would not necessarily impress it with the character of mineral land within the meaning of the Acts referred to. It must at least be shown that the land contains metals in quantities sufficient to render it available and valuable for mining purposes. Any narrower construction would operate to reserve from the uses of agriculture large tracts of land which are practically useless for any other purpose, and we cannot think this was the intention of Congress.

The point that the ditch was constructed under an implied license from the plaintiff is not well taken. If the defendants wished to justify their entry upon this ground they should have pleaded the license.

Judgment and order affirmed.