(110 App. Div. 241.)

### BUNKE v. NEW YORK TELEPHONE CO.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. COURTS—MUNICIPAL COURT—REMOVAL OF CAUSES—APPLICATION—TIME.

Municipal Court Act, § 3 (Laws 1902, p. 1490, c. 580), authorized the removal of a cause to the City Court of New York City where the damages demanded exceeded $250, and after a motion was granted permitting plaintiff to reduce the amount sued for from $500 to $200 defendant presented a bond and order removing the action to the City Court of New York. *Held*, that the same was tendered too late, and a denial of the application for removal was proper.

2. SAME—JURY—CHALLENGE TO ARRAY.

The fact that a jury list contained only 170 names, instead of 200 names, as required by Municipal Court Act, § 233 (Laws 1902, p. 1558, c. 580), was no ground for a challenge to the array in the Municipal Court.

3. SAME—PLEADING—AMENDMENT—CHANGE OF FORM OF ACTION.

Under Municipal Court Act, § 166 (Laws 1902, p. 1542, c. 580), declaring that the court must, upon application, allow a pleading to be amended at any time, if substantial justice will be promoted thereby, it was proper to permit plaintiff, at the close of his case, to amend his complaint by changing it from use and occupation to trespass, where the facts upon which both causes of action were founded were the same.

4. SAME—JURY—DEMAND FOR JURY TRIAL—TIME.

Municipal Court Act, § 234 (Laws 1902, p. 1559, c. 580), provides that if, at the time of joining an issue of fact, defendant demand a trial by jury, the same shall be ordered. *Held*, that where the complaint was amended so as to change the form of the action at the close of plaintiff's case, and defendant did not formally answer the amended complaint, but it was assumed by the parties and the court that issue had been joined thereon, and an adjournment was then taken, it was too late thereafter for defendant to move for a jury trial.

5. TRESPASS—ATTACHING WIRES TO BUILDING—OWNERSHIP OF WIRES—EVIDENCE—SUFFICIENCY.

In an action for trespass, consisting of the attaching of telephone wires to the roof of plaintiff's building, plaintiff showed that there was no other telephone company in the city except defendant, that there were a number of telephones in the neighborhood, and that the wires came from a terminal station owned by defendant. *Held*, that the evidence was sufficient to establish presumptively that the wires belonged to defendant, and that they were maintained and used by it.

6. EVIDENCE—OPINIONS—KNOWLEDGE OF WITNESS.

A former employé of defendant, who had procured several licenses for defendant for the use of roofs for telephone purposes, and had procured the licenses for the terminal station in question, was competent to testify that the wires in question belonged to defendant.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2196.]

7. TRESPASS—MEASURE OF DAMAGES.

In an action for trespass, consisting of the attaching of telephone wires to the roof of plaintiff's building, the measure of damages is the value of the use to defendant.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trespass, §§ 134, 135.]

8. SAME—LEGALITY OF ORIGINAL ATTACHMENT—PRESUMPTION.

In an action for trespass, consisting of the attaching of telephone wires to plaintiff's building, the fact that they were placed there before plaintiff acquired title did not raise any presumption that the original attachment was lawful.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trespass, §§ 104, 113.]

9. LICENSES—ATTACHING TELEPHONE WIRES TO BUILDING—REVOCABILITY.

A license to a telephone company to attach wires to a building is revocable at the owner's pleasure.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Licenses, § 116.]

10. SAME—CONVEYANCE BY LICENSOR—REVOCATION.

Where the owner of premises gave a telephone company a license to attach wires thereto, the conveyance of the premises was a revocation of which the licensee was bound to take notice.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Licenses, §§ 115, 125.]

11. TRESPASS—ACTION—EVIDENCE—ADMISSIBILITY.

In an action for trespass, consisting of the attaching of telephone wires to plaintiff's building, defendant's superintendent testified that the use of the building by the telephone company was worth nothing, and that the company had never paid for such use of buildings, and one who had formerly been an employé of the defendant, engaged in obtaining licenses, testified as to certain licenses for roof privileges for which defendant paid compensation. Held, that such testimony was competent in rebuttal of that of the superintendent.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 149.]

12. SAME—ATTACHING WIRES TO BUILDING—EVIDENCE—SUFFICIENCY.

It was not necessary for plaintiff to show that defendant actually used the wires for telephonic purposes during the period that they were attached to the building.

13. SAME—EXCESSIVE DAMAGES.

In an action for trespass, consisting of the attaching of telephone wires to plaintiff's building and the maintenance of the same, it appearing that there were 16 wires attached to a stock fastened to the chimney on plaintiff's house, and that some of them connected with another chimney on his house, a verdict for $50 was not unreasonable.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trespass, § 145.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Ratje Bunke against the New York Telephone Company. From a judgment of the Appellate Term (91 N. Y. Supp. 390), affirming a judgment of the Municipal Court, in favor of plaintiff, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

John H. Cahill, for appellant.
Thaddeus D. Kenneson, for respondent.

LAUGHLIN, J. The summons contained a notice that, if the defendant failed to appear, judgment would be taken against it for $500. It was returnable on the 6th day of January, 1904. The pleadings were oral. The plaintiff complained for use and occupation, and demanded judgment for only $200. The answer was a general denial, and defendant demanded a bill of particulars.

The first contention of the appellant is that the trial court erred in declining its demand for removal of the cause in the City Court. The record contains an affidavit of the attorney for the defendant, presented on the settlement of the return, showing that, when the case was called, plaintiff complained for use and occupation without specifying the amount of damages, and that, when issue was joined, de-

fendant's counsel tendered an undertaking executed in due form and an order for the removal of the cause to the City Court and demanded its removal, and that thereupon the attorney for the plaintiff reduced his claim from the amount stated in the summons and demanded judgment for $200, and the court denied the application for the removal of the cause. Section 3 of the municipal court act (chapter 580, p. 1490, Laws of 1902), in force at that time, authorized the removal of the cause where the damages demanded exceeded $250. An affidavit of the attorney for the plaintiff was submitted in opposition, showing that the attorney for the defendant made a statement that he had orders removing the case to the City Court, but before he tendered the bond the amount of the plaintiff's claim was reduced to $200. The judge in his return certifies that after issue was joined plaintiff moved to reduce the amount sued for to the sum of $200, which motion was granted, and that "thereafter the defendant presented a bond and order removing the action to the City Court of the City of New York. I held that the same was tendered too late, and denied the application to remove the same to the City Court of the City of New York. The defendant duly excepted." The court was authorized on the application of the plaintiff to reduce the amount of the demand so as to give the court jurisdiction. Woolley v. Wilber, 4 Denio, 570. See, also, Jaycox v. Pinney, 62 Barb. 344. If the plaintiff's demand was reduced as certified by the judge before the defendant tendered a bond for the removal of the action, then the application for removal was properly denied as having been made too late. Whether the application to remove the cause was made before the plaintiff's demand was reduced was a question of fact, concerning which the judge had personal knowledge, and on which the affidavits of the attorneys for the respective parties are in conflict. In these circumstances we would not, if we had authority to review the question, overrule the decision of the trial judge. At the close of the defendant's evidence the attorney was called, and the defendant offered to show by him that issue was joined and before plaintiff's demand was reduced he applied for the removal of the cause. This was objected to and excluded. This was not one of the issues to be tried, and the rejection of the evidence constituted no error.

The plaintiff demanded a jury trial, and the case was adjourned. The bill of particulars subsequently filed was "for the use" of No. 327 Pleasant avenue for maintenance of defendant's wires and construction since January 31, 1903, and shows that the "fair rental value" was $200. On the adjourned day the defendant challenged the array in the ground that the jury list should, according to the provisions of section 233 of the municipal court act (page 1558), contain 200 names, and that it only contained 170 names. The list was not put in evidence. The plaintiff demurred to the objection, and the court ruled "demurrer sustained." In this there was no error. The court could not be divested of its authority to try causes, because of the neglect of the commissioner of jurors to maintain upon the jury list the number required by the statute.

At the close of the plaintiff's case his attorney moved to amend the complaint to conform to the evidence by changing the complaint

from use and occupation to trespass. This was objected to upon the ground that the amendment sought to substitute a new cause of action and that the court had no authority to permit it. The court allowed the amendment, and defendant excepted. The attorney for the defendant then claimed surprise and that his client was not ready to meet the new issue, and demanded an adjournment. The court discharged the jury without objection and adjourned the case. The authority of the court to allow an amendment is contained in section 166 of the municipal court act (page 1542), which provides that the court "must, upon application, allow a pleading to be amended at any time, if substantial justice will be promoted thereby. Where a party amends his pleading, after joinder of issue, or pleads over upon the decision of a demurrer, and it is made to appear to the satisfaction of the court, by oath, that an adjournment is necessary to the adverse party, in consequence of the amendment or pleading over an adjournment must be granted." It is true that this amendment changed the action from contract to tort, but the facts upon which the plaintiff claimed the right to recover were the same, and, although, technically speaking, it did allow the substitution of a new cause of action for the original, yet this was within the power of the court under the statutory authority quoted, which is substantially the same as the authority conferred upon justices of the peace. Code Civ. Proc. § 2944; Wood v. Shultis, 4 Hun, 309; Hawkes v. Burke, 34 Misc. Rep. 189, 68 N. Y. Supp. 798. The defendant did not answer the amended complaint at the time the amendment was allowed; but on the adjourned day its attorney requested the attorney for the plaintiff to state more particularly his complaint, to which he replied that he had "no more formal statement than 'Action for trespass'"; and stated that his bill of particulars applied to the amended complaint. The attorney for the defendant then interposed orally an answer setting up want of jurisdiction on account of the failure of the court to grant his motion to remove the cause and interposing a general denial and a license.

A new jury had been summoned, and the attorney for the defendant interposed the same challenge as before to the array, which was overruled, but on the trial of the challenge it appeared that by supplemental lists the number of the jurors had been increased to more than 200. After challenging the array, the attorney for the defendant stated that he wished to have it noted that the defendant desired a jury trial also, and was ready to pay the fee, and stated that he did this with a view to insuring a jury trial in the event that the plaintiff should abandon his demand for a jury; and later the defendant's attorney stated that the defendant desired a trial by jury of 12. The plaintiff's attorney objected upon the ground that the demand should have been made when issue was originally joined, and, on the court disagreeing with him on that ground, he objected on the ground that it should have been made when the complaint was amended, and upon that ground the court sustained the objection. Although the defendant did not formally answer the amended complaint at that time, it was assumed that issue had been joined thereon, and this was not denied on the adjourned day, when the attorney for the plaintiff

insisted that the application for a jury of 12 came too late. Section 234 of the municipal court act (page 1559) provides that where the alleged damages exceed $100, "if at the time of joining an issue of fact the defendant demand a trial by jury of twelve men, the court sha'l order a jury of twelve to be summoned to try the issues." It must follow that, if the court has authority to allow an amendment changing the cause of action, the defendant must have the right on the joinder of the new issue of fact to demand a trial by a jury of 12 the same as on the original joinder of issue. The defendant, however, slept upon its rights. It knew when the adjournment was taken that the attorney for the plaintiff and the court understood that issue was joined and that there was something to try, and that the adjournment was had for that purpose, and that the plaintiff's demand for a jury trial stood, and that a jury would be summoned on the adjourned day. The defendant's application thereafter for a trial by a jury of 12 came too late, and was properly denied.

The jury was then impaneled and the trial of the case proceeded with. The plaintiff offered in evidence a deed of the premises 327 Pleasant avenue to him, dated and executed on the 31st day of January, 1903, containing a covenant against incumbrances. The plaintiff showed that at the time he purchased the premsies there were 16 telephone wires attached to a stock fastened to the chimney on the house on his premises, and that some of them connected with another chimney on his house, and continued on across his premises, diverging to other houses and that they had so remained; that they came from a terminal station owned by the defendant on premises No. 306 Pleasant avenue; that the defendant had obtained a license for the use of said premises 306 as a terminal station; that there was no other telephone company in' the city; that there were a number of telephones in the neighborhood; that the terminal station at 306 was connected with defendant's subway cables; and by the testimony of a former employé of the defendant, who had procured several thousand licenses for the defendant for the use of roofs for telephone purposes, and had procured the licenses for premises 306, that these wires belonged to the defendant. The defendant contends that it was not shown that the wires belonged to it, or that it had used the same, and that the court erred in admitting the testimony of its former employé, to the effect that these wires belonged to it, which was received over defendant's objection. We think that the plaintiff established presumptively that the wires belonged to the defendant, and that they were maintained and used by it, and that this witness had sufficient knowledge of the facts to qualify him to testify to the ownership of the wires. The superintendent was called to testify concerning the value of the roof of plaintiff's premises for this purpose. He was in a position to know whether these wires belonged to the defendant and whether or not it used them, but he was not interrogated on the subject. The witness who had been employed by the defendant a long time in obtaining licenses for similar privileges, and was familiar with the amounts it was accustomed to pay, testified that this use of the plaintiff's roof by the defendant was worth $100 per year. The jury awarded only $50. The superintendent of the defendant testified that it was worth nothing, and that the company had not been accustomed

to pay for such privileges, and in fact, had in no instance paid for such privilege.

It is further contended by the defendant that this evidence was incompetent, and that it was not the proper measure of damages. The plaintiff was not deprived of the possession or use of his building. Manifestly it would be difficult to show the value of the part of the roof used by the defendant, because, with the exception of this particular use, there probably was no demand for the use of the roof to the extent that it was occupied and used by the defendant. These facts, therefore, take the case out of the ordinary rule by which a recovery is limited to the value of the use and occupation to the owner or the damages to the freehold because it does not appear that there were any damages, and places the case in the category with those where a trespasser is required to respond in damage for the value of the use to him. De Camp v. Bullard, 159 N. Y. 450, 54 N. E. 26; Arden v. Kermit, Anthon N. P. 83; Whitwham v. Westminister B. C. & C. Co., L. R. 2 Ch. Div. 538 (1896); McWilliams v. Morgan, 75 Ill. 473; Western Book & Stationery Co. v. Jevne, 78 Ill. App. 668.

Defendant also contends that there is a presumption that the origina. entry which occurred some time prior to the time plaintiff acquired title was by license, and was, therefore, not a trespass, and that there can be no trespass until that license is revoked and the defendant is notified to remove these wires and attachments. If the owner of the premises at the time the wires were attached had sued the defendant for trespass, there would be no presumption that the entry was lawful and under a license, but it would be incumbent on the defendant to plead and prove a license. 1 Enc. Plead. & Prac. 848; Bennett v. Olcott, 2 Term Rep. (Durnford & East's) 166; Haight v. Badgeley, 15 Barb. 499; Tell v. Beyer, 38 N. Y. 161; Alford v. Barnum, 45 Cal. 482; Chase v. Long, 44 Ind. 427; Lockhart v. Geir, 54 Wis. 133, 11 N. W. 245. We are of opinion that the same rule is now applicable, and that it is not changed by the fact that the wires were there when plaintiff took title; but, in the view we take of the case, that question is not very material. Even if there had been a license, it was revocable at pleasure (Cronkhite v. Cronkhite, 94 N. Y. 323; Murdock v. Prospect Park & Coney Island Ry. Co., 73 N. Y. 579; Mendenhall v. Klink, 51 N. Y. 246; Collister v. Hayman, 71 App. Div. 316, 75 N. Y. Supp. 1102), and the conveyance of the premises by the licensor was a revocation thereof of which the licensee must take notice. Eckerson v. Crippen, 110 N. Y. 585, 18 N. E. 443, 1 L. R. A. 487; Winne v. Ulster Co. Savings Institution, 37 Hun, 349; Eggleston v. N. Y. & H. R. R. Co., 35 Barb. 162; Forbes v. Balenseifer, 74 Ill. 185; Estelle v. Peacock, 48 Mich. 469, 12 N. W. 659; Hodgkins v. Farrington, 150 Mass. 19, 22 N. E. 73, 5 L. R. A. 209, 15 Am. St. Rep. 168. On rebuttal the plaintiff recalled his witness who had formerly been an employé of the defendant, engaged in obtaining licenses, and was permitted to show by him, over defendant's objection and exception, which it urges here as reversible error, certain specific licenses for roof privileges for which compensation was paid by the defendant. This evidence was competent for the purpose of contradicting the defendant's superintendent, but, of course, it was not competent as original proof of the value of the use of this roof even

to the defendant. We are of opinion that this does not constitute a reversible error.

The court instructed the jury that, if the defendant placed and maintained these wires upon the building without the consent of the plaintiff, it was immaterial whether or not the defendant actually used the wires; that it would in these circumstances be liable as a trespasser. The attorney for the defendant excepted to this charge, and urges it as ground of reversal. Technically speaking, of course, the defendant would not be liable for damages for the whole period as a continuing trespasser unless it used the wires or asserted dominion over them; but we are inclined to agree with the learned judge that it was not essential for the plaintiff to show that the defendant actually used the wires for telephonic purposes during the period. There was evidence from which the jury might have found that they were so used. There was, however, a user and sufficient user throughout the period to justify the jury in finding that there was a continuous trespass, and that was what the court referred to in stating that it was sufficient if the defendant placed and kept the wires there. It was shown that the wires originally belonged to the defendant and were originally placed there by it. If it had abandoned them, we are of opinion that it was incumbent upon them to show that fact. The evidence shows the contrary. It shows that they were directly connected at all times with its terminal station, and through that with its subway, and in the other direction with houses where the defendant was presumably furnishing telephone facilities. We think that the defendant became a trespasser upon the conveyance of the property to the plaintiff, regardless of whether or not there was a previous license, and that by thus maintaining the wires throughout that period it became a continuous trespasser and is liable in damages as such.

It is said that the case is to be precedent for many others. The courts were designed, among other things, to protect property rights. If dishonest claims are presented, the courts will discover it; but, if meritorious claims are presented, they are entitled to a patient hearing. The defendant has no right to invade private premises and attach its wires to roofs or chimneys without a license from the owner, and it has no right to maintain them after a change in ownership without a further license. It is difficult for a plaintiff in such a case to prove the damages which he is entitled to recover. In the case at bar we are of opinion that he has proved his damages by the best evidence obtainable. The recovery is reasonable in amount. There are many exceptions and many questions urged, for the case seems to have been stubbornly contested, not only on the merits, but upon every conceivable technical ground. These questions could not all be considered within the reasonable bounds of an opinion. We have discussed those which we deem the most important, but the others have been considered, and we find no prejudicial error therein.

It follows that the determination should be affirmed, with costs. All concur.