## PEOPLE v. WAIT.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

1. JUSTICES OF THE PEACE—JURISDICTION OF PERSON—APPEARANCE.

A justice of the peace acquired jurisdiction of the person of defendant by personal service of the summons upon him within his county; defendant appearing in court in pursuance of such service.

2. SAME—ACTION FOR PENALTY—AMOUNT IN CONTROVERSY—AMENDMENT OF PLEADING.

Under Code Civ. Proc. § 2944, providing that justices of the peace must. on application, allow a pleading to be amended at any time before or during trial, if substantial justice will be promoted thereby, the complaint in an action to recover a penalty may be amended, so as to bring the same within the jurisdiction of a justice of the peace, when too much has been claimed in the first instance.

Appeal from Rensselaer County Court.

Action by the people against John D. Wait. From a judgment and order dismissing plaintiff's complaint, they appeal. Reversed.

The action was commenced in a Justice's Court. The summons was issued and served upon the defendant, who appeared in court upon the return day thereof. The plaintiff thereupon filed a written complaint, charging that the defendant in December, 1904, had unlawfully killed and had in his possession 12 partridges or grouse, contrary to the provisions of sections 25, 39, c. 20, pp. 27, 29, of the Laws of 1900, and the amendments thereto, known as the forest, fish, and game law, and demanding judgment for $200 penalty. The defendant interposed a verbal general denial, and the cause was adjourned to a subsequent day. On the adjourned day the complaint was amended so as

to allege the wrongful killing of 2 partridges or grouse instead of 12, and by asking for judgment for $110, instead of $200. Another adjournment was then taken, and on the adjourned day the plaintiff's attorney appeared, as well as the defendant in person with his attorneys, and the trial was proceeded with. After the conclusion of the plaintiff's testimony, the defendant's counsel made a motion to dismiss the complaint, on the ground, among others, that the court had not jurisdiction of the subject-matter of the action. The motion was denied, and after the defendant's proof was received the justice rendered judgment in favor of the plaintiff for $85 damages, besides costs. The defendant thereupon appealed to the County Court for a new trial. At the opening of the trial in the County Court the defendant's attorney moved to dismiss the complaint, upon the ground that the Justice's Court had no jurisdiction of the subject-matter of the action. The court denied the motion, reserving the right to reconsider it after a verdict. The jury rendered a verdict in favor of the plaintiff for $85. Defendant's counsel thereupon moved to set aside the verdict upon the same grounds. That motion was not passed upon, but the court on a reconsideration of the reserved motion granted it, and dismissed the complaint. From the judgment and order of dismissal the plaintiff has appealed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

John B. Holmes, for appellant.
Samuel Foster, for respondent.

CHESTER, J.    Under subdivision 3 of section 2862 of the Code of Civil Procedure, the justice of the peace before whom the action was originally tried had jurisdiction of an action for a fine or penalty not exceeding $200. Although the penalty under section 39 of the forest, fish, and game law (Laws 1900, p. 22, c. 20, as amended by Laws 1904, p. 1406, c. 580, § 9) for killing 12 partridges amounted to upwards of $200, yet the prayer for relief was only for that amount. It is not necessary, however, in this action to determine whether the complaint as originally filed brought the case within the jurisdiction of the justice. He clearly acquired jurisdiction of the person of the defendant by the personal service of the summons upon him within his county (Barnes v. Harris, 4 N. Y. 375), and the defendant appeared in court in pursuance of such service.

The justice also had the right to allow an amendment to the complaint (Code Civ. Proc. § 2944), and after the amendment, which was made, the cause of action was clearly brought within the jurisdiction of the justice, regardless of the question whether the original complaint stated a cause of action within his jurisdiction (Woolley v. Wilbur, 4 Denio, 570). The case cited was one where the declaration stated two causes of action, in each of which damages were claimed up to the limit of the justice's jurisdiction. The objection was taken by the defendant that the justice had no jurisdiction, whereupon an amendment was allowed against his objection, bringing the amount claimed within the justice's jurisdiction, and it was held by Bronson, C. J., on a writ of error, that the amendment was properly allowed. After the amendment the justice, therefore, had jurisdiction both of the defendant and of the cause of action.

It is conceded by the respondent's counsel that in actions other than for a penalty the authorities sanctioned an amendment to bring the

action within the jurisdiction of the justice when too much has been claimed in the first instance, but he claims that in actions for a penalty the principle does not apply. He does not, however, call our attention to any authority so holding, nor is it apparent why there should be any distinction between the two classes of cases.

The judgment and order of the County Court should be reversed, with costs in this court and in the County Court, and the case remitted to the County Court to proceed upon the verdict. All concur.