(62 Misc. Rep. 489.)

STEVENSON v. BROOKS.

(Supreme Court, Appellate Term. March 5, 1909.)

1. JURY (§ 25*)—MUNICIPAL COURT—RIGHT TO JURY TRIAL—WAIVER.
   Under Municipal Court Act (Laws 1902, p. 1557, c. 580) § 231, providing that, at any time when an issue of fact is joined, either party may demand a trial by jury, and, unless so demanded at the joining of the issue, a jury trial is waived, the omission of defendant to demand a jury trial on the joining of issues under the original pleadings was not a waiver of his right to such trial on the joining of issues under the amended pleadings.

   [Ed. Note.—For other cases, see Jury, Cent. Dig. § 155; Dec. Dig. § 25.*]

2. APPEAL AND ERROR (§ 870*)—REVIEW—DENIAL OF JURY TRIAL—APPEAL FROM FINAL JUDGMENT.
   Where defendant's motions for a jury trial, seasonably made, were denied, he was entitled to an exception on the record to such denial, and was not obliged to enter an order denying the motions and appeal therefrom.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3488, 3489; Dec. Dig. § 870.*]

3. APPEAL AND ERROR (§ 154*)—RIGHT OF REVIEW—JURY TRIAL—WAIVER.
   Where defendant was erroneously refused an exception on the record to the denial of his motion for a jury trial, he did not waive his right of review by proceeding with the trial.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 963; Dec. Dig. § 154.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Oscar Stevenson against Arthur J. H. Brooks. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Howard A. Sperry, for appellant.
Francis B. Wood, for respondent.

GILDERSLEEVE, P. J. The action is for rent. The defense is a constructive eviction. Section 231 of the Municipal Court act (Laws 1902, p. 1557, c. 580) provides that:

"At any time when an issue of fact is joined, either party may demand a trial by jury, and unless so demanded at the joining of the issue a jury trial is waived."

In the case at bar, when the issues under the original pleadings were joined, no demand for a jury trial was made. Plaintiff, however, obtained leave to amend the summons and complaint, and when the answer to the amended complaint was filed, and issues under the amended pleadings thus joined, defendant demanded a jury trial, which motion was denied. The omission of defendant to demand a jury trial upon the joining of issues under the original pleadings was not a waiver of his right to such trial upon the joining of issues under the amended pleadings, which are in writing. The trial resulted in a judgment for plaintiff, from which defendant appeals, and brings up for review the refusal of the court to allow him a jury trial.

The motion for a jury trial came on before one of the justices of the Municipal Court, who denied the same, but adjourned the trial "pending his decision on this motion." After he had denied the motion, the case came on before another justice, when defendant renewed his motion, which was denied, because it had been made and denied by the other justice, and defendant thereupon sought to obtain an exception on the record, which was refused. This was error. The defendant had seasonably made his application, and was entitled to an exception to the denial thereof. He was not obliged to enter an order denying his motions and appeal therefrom, nor did he waive his rights by proceeding with the trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.