STAFFORD v. LESSER.

(Supreme Court, Appellate Term. February 18, 1910.)

1. JURY (§ 26*)—RIGHT TO JURY TRIAL—TENDER OF FEE.
    Where defendant tendered the jury fee when issue was joined and demanded a jury trial, and, when the case was called for trial after the jury fee had been exhausted by adjournments, tendered a new jury fee and again demanded a jury trial, it was reversible error to refuse it.
    [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 174, 175; Dec. Dig. § 26.*]

2. JURY (§ 28*)—RIGHT TO JURY TRIAL—WAIVER.
    Where defendant was improperly refused a jury trial, his participation in the subsequent trial by the court did not waive his right to a trial by jury.
    [Ed. Note.—For other cases, see Jury, Cent. Dig. § 185; Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by S. S. Stafford against Henry Lesser. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Frederick O. Lacey, for appellant.
Hastings & Gleason, for respondent.

BIJUR, J.   It appears sufficiently from the record that appellant paid the jury fee when issue was joined, and demanded a jury trial. When, by reason of adjournments, this jury fee had been "exhausted," and the case came on for trial thereafter, appellant tendered a new jury fee, and again demanded a jury trial.   Its refusal constitutes reversible error.

Participation in the subsequent trial was not a waiver of his right to a trial by jury.   Stevenson v. Brooks, 62 Misc. Rep. 489, 115 N. Y. Supp. 118.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.