### FROMME v. DAVIDOW et al.

(Supreme Court, Appellate Term. April 8, 1911.)

1. JURY (§ 25*)—MUNICIPAL COURTS—RIGHT TO JURY—ISSUE OF FACT.
   Under Municipal Court Act (Laws 1902, c. 580) § 231, providing that either party may demand a jury trial when an issue of fact is joined, it was error to deny defendants' demand of a jury trial, where, at the close of plaintiff's case, she amended the complaint from one of quantum meruit to one of account stated, and issue was joined thereon.
   [Ed. Note.—For other cases, see Jury, Dec. Dig. § 25.*]

2. JURY (§ 28*)—RIGHT TO TRIAL BY JURY—WAIVER.
   Proceeding with the case after refusal of trial by jury is not a waiver of demand.
   [Ed. Note.—For other cases, see Jury, Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Addie Fromme, as executrix of the last will and testament of Jacob Fromme, deceased, against William H. Davidow and another. From a judgment of the Municipal Court for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Weed, Henry & Meyers (Emile Dreyfus, of counsel), for appellants. Wakelee, Thornall & Wright (Clarence E. Thornall and Morris Grossman, of counsel), for respondent.

BIJUR, J. This action was begun by the service of a written complaint to recover for legal services upon a quantum meruit. Substantially the only evidence given was of alleged admissions, or rather of promises to pay the amount in suit, made by defendants in interviews with a witness who testified thereto. Due objection and exception was taken to this evidence as immaterial and irrelevant to the is-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sues raised by the complaint. At the close of plaintiff's case, counsel moved to amend the complaint to conform to the proof, and to plead an account stated. This motion was granted, over defendants' objection and exception. Thereupon defendants demanded a jury trial, presenting to the court the consideration that while, on the question of the value of the services, they were quite willing to permit the court without a jury to pass upon the issue, they desired a jury to pass upon the new issue tendered, which involved purely the question of the credibility of the witnesses as to the truth of these alleged interviews. An adjournment was taken, and, on the resumption of the trial, defendants asked that the plaintiff's amended pleadings should be put in formal shape. They pleaded a general denial, and renewed the request for a jury trial. They duly tendered the jury fee on the occasion of each request. These requests were denied, and ultimately judgment rendered by the court without a jury in favor of plaintiff.

[1] I find that the refusal of the learned court below to grant the jury trial was error. Under section 231 of the Municipal Court act (Laws 1902, c. 580), either party may demand a jury trial when an issue of fact is joined. The amendment of the complaint from one on a quantum meruit to one on an account stated brought about the joining of an entirely new issue of fact. The case of Bunke v. N. Y. Telephone Co., 110 App. Div. 241, 97 N. Y. Supp. 66, cited by respondent, does not apply, because in that case defendant did not demand a jury trial at the time when the new issue was joined. The court, assuming that when the complaint was amended the defendant had pleaded to it, held that a demand for a jury trial made long thereafter was too late. The facts in the case at bar are directly contrary.

[2] It is also well settled that proceeding with the case after trial by jury had been refused was not a waiver of the demand. Stevenson v. Brooks, 62 Misc. Rep. 489, 115 N. Y. Supp. 118.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.