■ ELMER A. GRANCHELLI, Respondent, v WALTER S. JOHNSON BUILDING CO., INC., Appellant. — Order unanimously reversed, on the law, without costs, and motion granted. Memorandum: One who wrongfully uses another's land trespasses thereon and is liable to the owner for the cost of restoring the land to its condition immediately prior to the trespass and also, in an appropriate case, for damages based upon a duty of restitution for benefits received (*De Camp v Bullard*, 159 NY 450; *Bunke v New York Tel. Co.*, 110 App Div 241, affd 188 NY 600). "It has been suggested that restitution cases rest on the same theory as the cases allowing plaintiff rental value of the real estate. Both measures seek to take from defendant the benefits he received by his tort, rental value merely being a convenient method of measuring the benefit received" (22 Am Jur 2d, Damages, § 132, p 192). In an action brought by plaintiff to recover damages resulting from defendant's wrongful use of plaintiff's property to store building materials, equipment and supplies in connection with a construction contract, plaintiff has included a cause of action for what he denominates unjust enrichment. In doing so, plaintiff would have us interpret the benefit received by defendant to be the expenses saved and some measure of the profit realized on his construction contract because of the wrongful use of plaintiff's land. There is no authority in law for such construction. Plaintiff has failed to plead a valid cause of action for unjust enrichment but he is entitled, upon proper proof, to compensatory damages, that is, actual damage to his property plus the reasonable value of the use of the property. Such a recovery is grounded on considerations of fairness, since defendant's trespass brought something of value to him for which he ought to pay. The benefit received by defendant in this case is the use of plaintiff's property without having paid for this use. The complaint, read as a whole, is sufficient to encompass a cause of action for the value of this use (see Siegel, New York Practice, § 208, p 245) but the cause of action for unjust enrichment must be dismissed. (Appeal from order of Niagara Supreme Court, Doyle, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Moule and Schnepp, JJ.