■ JOSEPH CASSATA et al., Appellants, v NEW YORK NEW ENGLAND EXCHANGE, Respondent. [673 NYS2d 124] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered on or about May 19, 1997, which, *inter alia*, held that plaintiffs' damages for trespass are to be measured by the value of the right of way to defendant, unanimously affirmed, with costs.

Plaintiffs, alleging trespass upon their real property, a small commercial building located on Westchester Square in the Bronx, seek damages of over $30 million based upon defendant's placement and maintenance of a telephone cable along a rear wall of the building, after plaintiffs had allegedly withdrawn a license for it that had been granted by a previous owner.

Upon a motion for summary judgment made by each side, the IAS Court granted summary judgment to plaintiffs on the issue of liability for the improper incursion of the cable, but directed that plaintiffs' damages be measured "not by the gross revenues generated by the usage of the phone cables, but instead, by the value of the right of way to defendant," citing *Bunke v New York Tel. Co.* (110 App Div 241, *affd* 188 NY 600). The court also ruled that the trier of fact should calculate the amount of damages beginning at a reasonable time subsequent to plaintiffs' demand that the cable be removed, after determining when such a demand was made.

Plaintiffs appeal both the holding as to the applicable measure of damages, and the determination that there is a question of fact as to the date from which damages should be measured.

We affirm. Initially, the identical issue was presented in *Bunke v New York Tel. Co.* (110 App Div 241, *affd without opn* 188 NY 600, *supra*). There, the telephone company had procured several thousand licenses to attach wires to rooftops. This Court held that the licenses had been revoked by the conveyance of the premises by the licensor, and that New York Telephone Co. was therefore trespassing. In addressing the measure of damages, this Court stated, in language that directly applies to the facts and equities of this case: "The plaintiff was not deprived of the possession or use of his building. Manifestly, it would be difficult to show the value of the part of the roof used by the defendant, because, with the excep-

tion of this particular use, there probably was no demand for the use of the roof to the extent that it was occupied and used by the defendant. These facts, therefore, take the case out of the ordinary rule by which a recovery is limited to the value of the use and occupation to the owner or the damages to the freehold, because it does not appear that there were any damages, and places the case in the category with those where a trespasser is required to respond in damage for the value of the use to him." (110 App Div, *supra,* at 247 [citations omitted].) *Bunke* is still followed for this principle (*see, Granchelli v Johnson Bldg. Co.,* 85 AD2d 891), and it is controlling here.

Plaintiffs' attempt to circumvent *Bunke* by arguing that a different measure of damages applies because this is an action in ejectment brought under RPAPL 601, while the *Bunke* case was an action in trespass, is unavailing. Courts have repeatedly held that the measure of damages does not depend upon the form of action chosen by the plaintiffs (*see, Matter of Rothko,* 56 AD2d 499, 502, *affd* 43 NY2d 305).

Here, because plaintiffs have not been deprived of possession of the building or any rents and profits they would otherwise have earned, and New York Telephone collected no rents and profits from the rear wall space occupied by the cable, the appropriate measure of damages is that directed by the motion court. Concur—Rosenberger, J. P., Ellerin, Wallach, Williams and Saxe, JJ.