■ COMMUNITY COUNSELING & MEDIATION SERVICES, Appellant, v RICHARD CHERA et al., Defendants, and LONG ISLAND UNIVERSITY, Respondent. [911 NYS2d 349]—

Order, Supreme Court, New York County (Debra A. James, J.), entered December 23, 2009, which, upon reargument, denied plaintiff's motion to amend the complaint so as to add a cause of action for breach of contract, unanimously reversed, on the law, without costs, and the motion granted.

The motion court denied the motion to amend on the ground that plaintiff's proposed contract claim is duplicative of its trespass claim. A tort claim is not duplicative of a contract claim if it arises out of the violation of a legal duty that "spring[s] from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]). Plaintiff's allegations that it agreed to allow defendant to install wastewater pipes through particular areas of the space plaintiff leases, and that defendant agreed to be "responsible for all damage and[/]or liability that arise" from work performed in the "rear of the [plaintiff's] leasehold," are sufficient to show a contract that, if upheld, would create a duty beyond that owed to a property owner, and would impose obligations, in particular, an undertaking of liability, that exceed the types of damages that plaintiff could recover for trespass (*see Cassata v New York New England Exch.*, 250 AD2d 491, 492 [1998] [trespass damages are ordinarily "limited to the value of the use and occupation to the owner or the damages to the freehold . . . (or) the value of the use to (the trespasser)"]). Accordingly, the claims are not duplicative. Concur—Gonzalez, P.J., Tom, Sweeny, Richter and Manzanet-Daniels, JJ.