THE CHICAGO & WESTERN INDIANA RAILROAD
COMPANY
v.
WILLIAM J. SLEE.

*Trespass—Railroad Company—Wrongful Possession—Continuance of
—Damages.*

In order to entitle the plaintiff in an action of trespass to recover for a continuance in possession after an ouster, there must be an entry on his part.

[Opinion filed July 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. OSBORN & LYNDE, for appellant.

Messrs. C. H. WILLETT and C. PORTER JOHNSON, for appellee.

MORAN, J.   This is an action of trespass brought by appellee against appellant to recover for the continuance of the alleged wrongful possession of certain premises.

The record shows that appellee recovered a judgment against the appellant in a prior action for the wrongful entry upon the premises in question; that appellee claims the *locus in quo* as owner in fee, and that appellant has continued in possession since the wrongful entry for which appellee recovered, and that appellee has never regained the possession or re-entered. "The right of the true owner to the use and profits is suspended until he regains possession either by an entry or under a legal judgment." Waterman on Trespass, Sec. 928.   In order to entitle the plaintiff to recover for a continuance in possession after an ouster, there must be an entry.   Smith v. Wunderlich, 70 Ill. 434.

The verdict against appellant was not warranted, and the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

GARNETT, J., took no part in the consideration of this case.