HENRY SCHEFFEL, JR.,

v.

CATHERINE E. WEILER.

*Trespass Quare Clausum Fregit—Possession—Mesne Profits.*

1.   In all cases of disseizin, the owner may maintain trespass if the entry

was made while he was himself in possession. But damages will be restricted to the first entry unless the plaintiff make a re-entry upon the land before action brought. After the disseizee has returned, he may have an action of trespass for the intermediate damages, or *mesne* profits, during the time of the tortious dispossession.

2. In an action for *mesne* profits, although in form trespass *quare clausum fregit*, the fact being that the plaintiff was not in, or entitled to, possession at the time of the wrongful entry, but during the continuance of the trespass became entitled thereto, and had recovered judgment for the possession, and had been put in possession by the sheriff, this court holds, that the plaintiff having obtained judgment and made actual entry before the bringing of her suit, was entitled to recover such profits.

[Opinion filed June 25, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. NORTON, BURLEY & HOWELL, for appellant.

Mr. JESSE COX, for appellee.

WATERMAN, J. The question presented in this case is, whether an action of trespass *quare clausum fregit* can be maintained by one not in possession and not entitled to possession at the time the wrongful entry was made, but who during the continuance of the trespass became entitled to the possession, and who has recovered judgment for the possession of the premises, against the defendant, and been put in possession by the sheriff, the action being brought to recover only damages accruing after the plaintiff became entitled to possession.

In effect this action is for *mesne* profits although in form it is *quare clausum fregit*.

The law in respect to the right of an owner in cases of disseizin such as this, is thus stated in Waterman on Trespass, Sec. 928 and 931:

"In all cases of disseizin, the owner may maintain trespass if the entry was made while he was himself in possession. But damages will be restricted to the first entry unless the

Glass v. C., R. I. & P. Ry. Co.

plaintiff make a re-entry upon the land before action brought. After the disseizee has returned, he may have an action of trespass for the intermediate damages or *mesne* profits during the time of the tortious dispossession. The law in such cases resorts to a fiction for the attainment of justice and supposes the freehold to have been all along in the rightful owner by a kind of *jus postliminii*, and thus he is considered as having had a constructive possession while the actual possession was in the disseizor." This is approved in Smith v. Wunderlich, 70 Ill. 426, and is in accordance with Chicago & Western Indiana R. R. Co. v. Slee, 33 Ill. App. 420.

The action of the plaintiff is not for an injury to the reversion, but for an actual and continued trespass upon her possession, a possession which, for the purposes of justice, as against this wrongdoer, the law assumes that he actually had during the time which he was actually entitled.

The plaintiff below having obtained judgment and made actual entry before the bringing of her suit was entitled to recover *mesne* profits.

There is here no transfer of a right of action for a tort; there was, after the Union Wire Mattress Co. surrendered its right to possession, no trespass upon anything belonging to it, or tort committed against it; the injury was thenceforth against the plaintiff below, who has recovered in this action for damages he alone sustained.

We see no sufficient reason for interfering with the finding of the court below as to the amount of the damages.

The judgment of the court below is affirmed.

*Judgment affirmed.*