## Western Book & Stationery Co. v. Christian Jevne.

1. TRESPASS—*When Quare Clausum Fregit, the Gist of the Action is the Injury to Possession—Measure of Damages.*—In trespass *quare clausum fregit*, the gist or basis of the action is the injury to the possession, either actual or constructive, and where the trespass is a continuing one, the value of the use of the property while the trespass lasts is the proper measure of damage.

2. SAME—*A Judgment in Ejectment Not a Necessary Basis for the Action—Possession.*—A judgment in ejectment is not necessary as a basis for the action. The right of possession by the plaintiff, and not necessarily his title to the premises, is all that is needed to be determined as a preliminary basis for this action.

3. MESNE PROFITS—*The Action of Trespass for.*—An action in form trespass *quare clausum fregit*, is pr per for the recovery of mesne profits.

4. POSSESSION—*Right Established by Judgment in Forcible Detainer.*—Judgment in forcible detainer is sufficient to establish the plaintiff's right to immediate possession at the time the judgment is entered, and the title to the premises is not involved.

**Trespass Quare Clausum Fregit.**—Mesne profits. Trial in the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the October term, 1897. Affirmed. Opinion filed November 18, 1898.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellant; ELMER E. JACKSON, of counsel.

CHYTRAUS & DENEEN, attorneys for appellee; OSCAR W. BRECHER, of counsel.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This was an action *quare clausum fregit*, brought by appellee against appellant, the injury laid being a continuous committing of the trespass, in keeping the plaintiff out of possession of the premises, continually from one given day to another—sometimes called laying the action with a *continuando*—during all of which time the defendant took and received to its own use the issues and profits of the premises, and prevented and deprived the plaintiff from having the same.

The cause was tried by the court without a jury, and the damages awarded were six hundred and seventy-five dollars, an amount arrived at by adopting an agreement by counsel as to the fair monthly rental value of the premises covering the period of their withholding. In other words, the recovery was for mesne profits, and in Scheffel v. Weiler, 41 Ill. App. 85, we said what is applicable here: " In effect this action is for mesne profits, although in form it is *quare clausum fregit*.

In trespass *quare clausum fregit* the gist or basis of the action is the injury to the possession, either actual or constructive, and where the trespass is a continuing one, the worth of the use of the property while the trespass lasts is the proper measure of damage. McWilliams v. Morgan, 75 Ill. 473.

The possession of the plaintiff that was here invaded by the defendant was a constructive one, resting upon a judgment in forcible detainer in favor of plaintiff and against defendant, recovered July 19, 1893.

After that judgment the defendant (appellant) held possession of the premises until October 4, 1893, when it surrendered them to the appellee. We state as a fact, although it does not, in our opinion, change the right of appellee to maintain his suit, that no writ of restitution was ever issued upon the forcible detainer judgment. The effect of the judgment in forcible detainer, so far as this case is concerned, was merely to determine that appellant was wrongfully in possession, and that appellee was entitled to and had the right of possession. Thereafter appellant was in possession as a trespasser. From the time of that judgment, appellee was conclusively entitled, as against appellant, to possession of the premises, and appellant's withholding of such right from appellee was a continual invasion of appellee's right from that time on until possession was surrendered to appellee. Upon such surrender appellee re-entered into possession, and from that moment was entitled to maintain this suit.

A judgment in ejectment was not, as is argued by appellant, necessary as a basis for the action. The right of possession by appellee, and not necessarily his title to the premises, was all that needed to be determined as a preliminary basis for this action, and that was done by the judgment in forcible detainer. Scheffel v. Weiler, *supra*.

The trial court held, in various forms, as a proposition of law, that the judgment in forcible detainer established the plaintiff's right to immediate possession at the time judgment was entered, and that the title to the premises was

not involved in that suit or in this, and in so holding was right.

We discover no error upon the record, and the judgment of the Superior Court is affirmed.