King, J., delivered the opinion of the court.
Plaintiff in error filed his complaint stating two causes of action. The first alleged his ownership of certain real estate in the city of Durango and his right to rents and profits thereof, and that defendant,, used and occupied the same for the period of one year for which she was indebted ,to plaintiff, and demanded judgment for the reasonable value of such use and occupation. *33 The second cause of action was for waste committed upon said premises during defendant’s occupancy thereof. To both causes of action defendant pleaded a general denial, and, as to the first, alleged that the real estate had been the property and in possession of defendant’s mother; that plaintiff, through fraud and misrepresentation, procured a deed to said premises from defendant’s mother, and that suit to set aside said deed had been commenced by her, and was undetermined at the time of her death, and was, • by the administrator of her estate, continued and still pending dnring the time of defendant’s alleged occnpancy; that she had occupied the premises as a representative of said estate, and in no other capacity, and that plaintiff’s claim, if any, was against said estate. For reply to the affirmative defense plaintiff alleged a judgment in the suit mentioned in said defense, against defendant’s mother, and administrator, and in favor of the plaintiff, adjudging the plaintiff herein to be the owner and entitled to the possession of said premises, and alleged that the possession and occnpancy, of both defendant and her mother, had been wrongful, and against the will and consent of plaintiff. The cause was tried to a jury and a general verdict returned in favor of the defendant, upon which judgment was rendered, from which plaintiff took said cause to the supreme court for review upon writ of error.
Plaintiff established legal title to the premises by certain deeds, including a quit claim deed from defendant’s mother, and by a decree of the district court adjudging the title to said premises, and the right of possession, to be in plaintiff.
The court refused an instruction requested by the plaintiff directing a verdict in favor of plaintiff upon the first cause of action, and, among other things, instructed the jury that if it should find from the evidence that the *34 defendant and her mother had occupied the premises for a number of years, during which it was understood and agreed that no rent was to be paid, or was paid, for said premises, and that, upon the death of said mother, defendant continued to use and occupy the premises without any changed relationship in regard thereto, or any agreement to pay rent, or demand upon her for rent, until she voluntarily quit the premises, then she would have the right to presume that she was to continue to occupy the premises in the same manner and under the same conditions as existed prior to the death of her mother, and would not be liable to the plaintiff for the use and occupation of the premises. This instruction was clearly erroneous. The legal title was in the plaintiff, and both the title and right of possession, as against the defendant’s ancestor, were established by decree of the district court, and were res judicata as to the ancestor and as well to the defendant claiming under her. The allegations of fraud and the right of possession were settled by the decree of the district court. Defendant’s occupancy of the premises without the consent of the plaintiff was admitted. Demand for payment of rent, under the facts disclosed, was not required; it would have been nugatory. There was no evidence supporting the allegation that she occupied the premises as a representative of the estate. Plaintiff was entitled to a peremptory instruction directing a verdict in his behalf for the reasonable value of the use and occupation of the premises for the time so occupied by the defendant, as shown by the evidence, and the court erred in refusing to give such instruction.
Defendant in error contends that plaintiff cannot recover upon his complaint for use and occupation because no contractual relation existed between plaintiff and defendant, and urges his contention in an able argu *35 ment supported by a strong array of authorities. Upon .trial no objection was made by the defendant to the admission of testimony in support of plaintiff’s complaint upon the ground that it did not state a cause of action; or, that the evidence was inadmissible under the pleadings. While in form the first cause of action was more nearly allied to the common law declaration for use and occupation of the premises by consent of the plaintiff, nevertheless, both causes of action were founded upon trespass predicated upon the wrongful possession of the defendant, and waste while so in possession. — McClellan v. Hurd, 21 Colo., 197, 203, 40 Pac., 435. The first was, in effect, an action of trespass for mesne profits brought after regaining possession of the realty.—38 Cyc., 1073; Western Book & Stationery Co. v. Jevne, 78 Ill. App., 668; Winkley v. Hill, 6 N. H., 391; Scheffel v. Weiler, 41 Ill. App., 85. And wherein that cause of action was inartificially or insufficiently stated, the defect was cured by subsequent pleadings of defendant and plaintiff, and by the admission of testimony without objection which supported that theory of the cause of action.—Limberg v. Higenbotham, 11 Colo., 156, 17 Pac., 481.
Decided March 10, A. D. 1913.
Rehearing denied April 14, A. D. 1913.
No errors are assigned nor objections urged as to the verdict or judgment upon the second cause of action.
There is no dispute as to the value of the premises, which was shown to be at least $30 per month for ten months and seventeen days of such occupation. For the reasons given the judgment upon the first cause of action is reversed, and the cause remanded with direction to the district court to enter a judgment in favor of the plaintiff and against the defendant for the sum of $317, as of the 14th day of June, 1909.

Reversed and Remanded.