THE CITY OF NEW YORK, Respondent, *v.* THE STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Appellant. (Action No. 1.)

First Department, November 19, 1937.

*John F. Harding* of counsel [*Bruce Bromley* with him on the brief; *Cravath, de Gersdorff, Swaine & Wood,* attorneys], for the appellant.

*Arthur A. Segall* of counsel [*William G. Mulligan, Jr.,* and *Robert W. Lishman* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

GLENNON, J. The plaintiff has pleaded facts sufficient to constitute a cause of action in trespass. If, as alleged, the defendant, without the necessary legal consent, laid its tracks in a public street which was not covered by its franchise, it might be compelled to respond in damages for the value of the use. It must be understood that we are dealing here solely with the allegations which

appear in the first cause of action in the complaint and not with any defenses which may hereafter be interposed.

It is idle to urge that there can be no recovery in this type of action where the city, which represents the public, is basing its claim upon the wrongful invasion for railroad purposes of " a public highway long since dedicated to the public use." The city is a proper party plaintiff, whether the legal title to the bed of the street was in itself or in the abutting property owners. While the plaintiff might have pursued other remedies, nevertheless, it should not be precluded from obtaining a judgment upon the theory of trespass where the facts indicate that the occupancy of the city street by the defendant was wrongful. (*Blesch* v. *Chicago & Northwestern R. Co.*, 43 Wis. 183.)

Damages for the tortious use should be measured by the benefit which the defendant obtained. In *Bunke* v. *New York Telephone Co.* (110 App. Div. 241; affd., 188 N. Y. 600) Mr. Justice LAUGHLIN said: " It is further contended by the defendant that this evidence was incompetent and that it was not the proper measure of damages. The plaintiff was not deprived of the possession or use of his building. Manifestly, it would be difficult to show the value of the part of the roof used by the defendant, because, with the exception of this particular use, there probably was no demand for the use of the roof to the extent that it was occupied and used by the defendant. These facts, therefore, take the case out of the ordinary rule by which a recovery is limited to the value of the use and occupation to the owner or the damages to the freehold, because it does not appear that there were any damages, and places the case in the category with those where a trespasser is required to respond in damage for the value of the use to him. (*De Camp* v. *Bullard*, 159 N. Y. 450; *Arden* v. *Kermit*, Anth. N. P. [N. Y. 2d ed.] 112; *Whitwham* v. *Westminster B. C. & C. Co.*, L. R. 2 Ch. Div. 538 [1896]; *McWilliams* v. *Morgan*, 75 Ill. 473; *Western Book & Stationery Co.* v. *Jevne*, 78 Ill. App. 668.) "

The second cause of action is not predicated upon the theory of trespass but rather upon an implied obligation on the part of the defendant to pay compensation for the use and occupation of the public highway. This cause of action must fail. In *City of New York* v. *Bee Line, Inc.* (246 App. Div. 28; affd., 271 N. Y. 595), Mr. Justice TOWNLEY said: " But this unlawful appropriation of the privilege ordinarily ancillary to a franchise cannot be ratified by the city on the theory of use and occupation because historically an action for the value of use and occupation has never been permitted unless the conventional relation of landlord and tenant or a situation analogous thereto exists between the parties."

For the reason stated the second cause of action should be stricken out, the order modified accordingly, and as so modified affirmed, without costs.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Order unanimously modified by striking out the second cause of action, and as so modified affirmed, without costs.