CITY OF NEW YORK, Respondent, *v.* STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Appellant.

Argued March 9, 1938; decided April 12, 1938.

*William D. Whitney, John F. Harding* and *Harold R. Medina, Jr.,* for appellant. The city has no sufficient proprietary interest in the street to entitle it to maintain an action for trespass. (*Edwards* v. *Noyes,* 65 N. Y. 125; *Miller* v. *Long Island R. R. Co.,* 71 N. Y. 380; *Adams* v. *Warner,* 209 App. Div. 394; *People* v. *Kerr,* 27 N. Y. 188; *Driggs* v. *Phillips,* 103 N. Y. 77; *St. Vincent Orphan Asylum* v. *City of Troy,* 76 N. Y. 108; *City of New York* v. *Rice,* 198 N. Y. 124; *Waterloo Water Co.* v. *Village of Waterloo,* 200 App. Div. 718; *Lincoln Safe Deposit Co.* v. *City of New York,* 210 N. Y. 34; *Beekman* v. *Third Avenue R. R. Co.,* 153 N. Y. 144; *Village of Oxford* v. *Willoughby,* 181 N. Y. 155; *Village of Haverstraw* v. *Eckerson,* 192 N. Y. 54; *Acme Realty Co.* v. *Schinasi,* 215 N. Y. 495; *D., L. & W. R. R. Co.* v. *City of Buffalo,* 158 N. Y. 266.)

*William C. Chanler, Corporation Counsel* (*Paxton Blair, Arthur A. Segall* and *Alan M. Stroock* of counsel), for respondent. Whatever may be the extent of the city's

title to its streets, it is adequate to sanction the pursuit of remedies calculated to make more effective their dedication to the public use. An action of trespass against persons interfering with the public's user may, therefore, be maintained. (*County of Wayne* v. *Miller*, 31 Mich. 447; *Walnut & Quince Corp.* v. *Miller*, 303 Penn. St. 25; *People ex rel. Abraham* v. *Perley*, 67 Misc. Rep. 471; 143 App. Div. 915; 202 N. Y. 620; *Bradley* v. *Degnon Contracting Co.*, 224 N. Y. 60; *Mott* v. *Eno*, 181 N. Y. 346; *Appleton* v. *City of New York*, 219 N. Y. 150; *Hoboken Land & Imp. Co.* v. *Hoboken*, 36 N. J. L. 540; *People ex rel. Metropolitan Street Ry. Co.* v. *Tax Commrs.*, 174 N. Y. 417; 199 U. S. 1; *Village of Stillwater* v. *Hudson Valley Ry. Co.*, 255 N. Y. 144; *Mayor* v. *Ward*, 2 Strange, 1238; *Mayor* v. *Swann*, 2 Wm. Bl. 1116; *Seneca Road Co.* v. *Auburn & Rochester R. R. Co.*, 5 Hill, 170; *City of Cleveland* v. *Cleveland, Cin., Chic. & St. L. Ry. Co.*, 93 Fed. Rep. 113; *City of Chicago* v. *Wright*, 69 Ill. 318; *Cowper* v. *Cowper*, 2 P. Wms. 720; *Paget* v. *Gee*, Ambler 807.) That its officers were not more alert in discovering the trespass and demanding that the defendant vacate, cannot prejudice the city, for the defendant knew its own acts were unlawful. (*Village of North Pelham* v. *Ohliger*, 216 App. Div. 728; 245 N. Y. 593.)

*Per Curiam.* The question certified is whether the first cause of action of the third amended complaint states facts sufficient to constitute a cause of action. This cause of action alleges that prior to the year 1921, defendant, without obtaining the consent of plaintiff, constructed on Wave street in the borough of Richmond a spur track and siding connecting with its main line and that without right or authority continued until October 19, 1935, to operate this spur track. The law is settled that under such conditions a municipal corporation may not recover for use and occupation of public highways. (*City of New York* v. *Bee Line, Inc.*, 271 N. Y. 595; *City of New York* v. *Tompkins Bus Corp.*, 271 N. Y.

597.) The present action is based upon a trespass by defendant. We hold that no essential difference in principle exists on the facts as pleaded between a right to recover for use and occupation of a public highway and for damages for a trespass thereon. In each instance compensation is sought for an illegal act which, during the years, the municipal authorities made no effort to prevent.

The orders so far as appealed from should be reversed, with costs in all courts, and the certified question answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.