KENNETH MERCY et al., Plaintiffs, *v.* UNIVERSITY GARDENS PROPERTY OWNERS ASSOCIATION, INC., Defendant.

Supreme Court, Special Term, Queens County, April 15, 1955.

*Hamlin, Hubbell & Davis* for defendant.

*A. Vincent Cuba* for plaintiffs.

SAMUEL RABIN, J. Defendant moves by two separate notices of motion (1) for an order dismissing the second and third causes of action for legal insufficiency, and (2) for leave to serve an amended answer so as to allege a separate partial defense of the Statute of Limitations.

The latter motion is granted. It is customary to grant such motions with liberality to the end that parties may have an opportunity to raise and have determined all questions involved in the subject matter of the litigation. (*Milliken* v. *McGarrah,* 164 App. Div. 110.) On the other hand, the sufficiency of the amended pleading is not ordinarily examined on such a motion (*Coron* v. *Lincks,* 259 App. Div. 924; *Lazarus* v. *Rice,* 268 App. Div. 985), and the court by granting this motion is not ruling on the merits of the defense.

The action is brought to recover damages for trespass. The gravamen of the action is set forth in the first eight paragraphs of the complaint wherein it is alleged that plaintiffs were the

owners of certain land designated on a map of University Gardens as Lot No. 7 in Block Z; that a certain public park area was located immediately to the rear of plaintiffs' property; that defendant, a membership corporation, maintained the public park area for recreation and playground purposes, for tennis courts and picnic grounds, for tool sheds, for storage of sand and for other miscellaneous purposes, all for the sole use of the defendant and its members; that the defendant maintained thereon picnic tables, benches, fireplaces, swings, slides and other equipment; that from November 15, 1945, to June 18, 1951, defendant seized possession of plaintiffs' land, without permission or right, built a gravel roadway over it and used it as an entrance and thoroughfare to the public park area for the exclusive use of its members, closing off the roadway with lock and chain and posting signs thereon reading " Tennis Courts for Use of Residents Only."

The above allegations are incorporated by reference into the second and third causes of action. In the second cause of action, plaintiffs further allege the reasonable value of the use and occupation of the property. In the third cause of action, plaintiffs allege that defendant's occupation of the property caused a diminution in value and subjected the plaintiffs to the risk of suits for damages for personal injuries, for property damage by persons using the property and for counsel fees.

With respect to the second cause of action, defendant contends that plaintiffs are not entitled to compensation for use and occupation, citing *City of New York* v. *Staten Is. R. T. Ry. Co.* (252 App. Div. 500, revd. 277 N. Y. 485). In that case defendant, without right or authority and without the consent of the plaintiff, constructed a spur track and siding on a public street. The Court of Appeals, in reversing an order denying defendant's motion to dismiss the complaint, said (p. 487) : "The law is settled that under such conditions a municipal corporation may not recover for use and occupation of public highways." In the instant case, plaintiffs are not a municipal corporation nor was their land a public highway. The cited case is clearly inapplicable.

On the other hand, the statute itself specifically states that the damages for withholding real property " include the rents and profits or the value of the use and occupation of the property " (Civ. Prac. Act, § 990; see, also, Civ. Prac. Act, § 1011).

In *Dime Sav. Bank* v. *Altman* (275 N. Y. 62, 70, 71), the Court of Appeals quoted with approval from *Wallace* v. *Berdell* (101 N. Y. 13, 15), as follows : " ' The *mesne* profits consist of the

net rents after deducting all necessary repairs and taxes, or the net rental value, *or the value of the use and occupation.'"* (Italics supplied.)

In the light of these authorities, the second cause of action is sufficient.

With respect to the third cause of action, defendant contends that plaintiffs may not recover for diminution of market value because the damage set forth in paragraph Ninth of the complaint is not incapable of physical repair. In the first place, paragraph Ninth of the complaint is not realleged in either the second or third causes of action. In *Hartshorn* v. *Chaddock* (135 N. Y. 116, 122), the Court of Appeals said: "The rule seems to be that when the reasonable cost of repairing the injury, or, in this case, the cost of restoring the land to its former condition is less than what is shown to be the diminution in the market value of the whole property by reason of the injury, such cost of restoration is the proper measure of damages. On the other hand, when the cost of restoring is more than such diminution, the latter is generally the true measure of damages, the rule of avoidable consequences requiring that in such a case the plaintiff shall diminish the loss as far as possible." Until the evidence has been adduced at the trial, it cannot be determined which rule of damages will apply in this case.

Defendant also argues that the third cause of action is insufficient because plaintiffs allege as part of their damage the expense of counsel fees to defend actions against them. Assuming this to be true, "asking for too much does not spoil a complaint; the trial court takes care of that." (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472, 480.) It follows that the third cause of action is sufficient.

The motion to dismiss the second and third causes of action is denied.

Settle order.