Hamm, J.
Daniel Primmer, the defendant in Action No. 2, has moved for leave to serve an amended answer containing a counterclaim. The motion is granted but the court by granting *404 this motion is not ruling on the merits of the proposed amended pleading (Partridge v. Fidelity & Cas. Co., 213 App. Div. 8, 9; Guaranty Trust Co. v. Schmidt, 187 App. Div. 561, 563; Anderson v. New York Central R. R. Co., 284 App. Div. 64, 65; Mercy v. University Gardens Property Owners Assn., 208 Misc. 412).
The defendant also moves to examine before trial the plaintiff in Action No. 2. The action is for wrongful death arising from an automobile accident in Columbia County. The action is pending in Columbia County. The administrator was appointed by the Surrogate of Monroe County, New York. He .is the father of the intestate. Rule 121-a provides: “ In an action * * brought pursuant to section 130 of the Decedent Estate Law * * * it shall be sufficient if, as to matters upon which a person is to be examined, the notice shall state ‘ all of the relevant facts and circumstances in connection with the accident, including negligence, contributory negligence, liability or damages \” While the plaintiff may have no knowledge as to how the accident occurred, his examination will be important as to the health, intelligence, habits, earning capacity, life expectancy and the like of the decedent and in particular as to the benefits received by him and possibly other next of kin from the intestate during his lifetime and their consequent pecuniary loss. The practice is well established and recognized that the fact that the plaintiff has furnished a bill of particulars does not preclude his examination as an adverse party (Barnello v. Paul-Jeffrey Co., 283 App. Div. 996). 11 An examination before trial does not perform the same office as a bill of particulars.” (Cameron v. Rochester & Syracuse R. R. Co., 125 Misc. 140.)
In Bolognino v. Anheuser-Busch (279 App. Div. 819) the Appellate Division of the Third Judicial Department considered the examination of a nonresident defendant. The plaintiff sought to examine the defendant through its brewmaster and asked that the' examination be held in Albany, New York. In the exercise of discretion the court directed that the proposed examination be held at St. Louis, Missouri, through the medium of interrogatories or an open commission, at the option of the plaintiffs, with the expense however except as to counsel fees, to be borne by the defendant. It is obvious that the enforced absence of its brewmaster imposed such a serious privation on the defendant as to require the exercise of discretion.
In this case, however, there is no proof of hardship. The plaintiff resides in Bloomfield, New Jersey, about 150 miles from Hudson, the county seat of Columbia County. Traveling
*405 that distance in these days of comfort and celerity in travel does not in itself constitute an undue burden. The subject of distances required to be traveled by resident parties has been commented on in Lowenberg v. Stafford (204 Misc. 487, 200 miles for examination before trial), in Libson v. Novack (204 Misc. 489, 100 miles for examination before trial) and in Delair v. Southworth Tractor & Mach. Co. (142 N. Y. S. 2d 449, 210 miles after denial of change of venue). The only affidavit submitted is the affidavit of defendant’s counsel. This affidavit contains merely the conclusory statement that the defendant’s attendance ‘ would work an undue hardship upon him involving loss of time, pay, travel expenses, and inconvenience ”. The claim of hardship is not supported by facts and no proof of undue burden is presented. Moreover, it is the plaintiff himself who has voluntarily invoked the jurisdiction of the Surrogate’s Court and of the Supreme Court of this State.
The order may provide for an examination in Hudson, New York, as to all of the relevant facts and circumstances in connection with the accident, including negligence, contributory negligence, liability or damages.
If the parties are unable to agree as to the time when, the place where, and the person before whom the examination may be held, the same will be settled in the order. If the parties prefer and so agree, the examination may be held in Albany, New York.
Submit order on three days’ notice.