■ WEST ST. AUTO SERVICE, INC., Appellant, v. GEORGE SCHMIDT et al., Defendants, and S & G CONSTRUCTION, INC., Respondent.— In an action to recover the reasonable value of the use and occupation of plaintiff's property by defendant, a trespasser, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered October 30, 1964, in favor of the defendant S & G Construction, Inc., upon the court's dismissal of the complaint at the end of the entire case. Judgment reversed on the law and a new trial granted, with costs to abide the event. No questions of fact have been considered. The primary question raised on this appeal is whether the learned trial judge erred in ruling that the jury could not consider the testimony of the expert witness because, in fixing the reasonable value of defendant's use of plaintiff's property, the expert included the benefit derived by defendant in using the property. In our opinion, expert testimony relative to the benefit derived by a defendant in a trespass action is not inadmissible as a matter of law. Consistent with the cited authorities (*De Camp* v. *Bullard,* 159 N. Y. 450; *Bunke* v. *New York Tel. Co.,* 110 App. Div. 241, affd. 188 N. Y. 600; *City of New York* v. *Staten Is. R.T. Ry. Co.,* 252 App. Div. 500, revd. on other grounds, 277 N. Y. 485; *Stebbins* v. *Frisbie & Stansfield Knitting Co.,* 201 App. Div. 477, 483), the rule to be applied has been stated as follows (1 Clark, New York Law of Damages, § 350, pp. 591–592) : "While it is the plaintiff's loss which ordinarily forms the basis of recovery, still a tortfeasor will not as a general rule be permitted to make a gain through his wrongful act, and special rules should not be applied which will result in such a gain. In this connection Bartlett, J., says: ' Good morals certainly forbid that a man should be allowed to derive benefit from a violation of his obligations to others. Does the law permit a wrongdoer to retain to himself advantages thus gained as against the person whom he has wronged? I think not. There are cases in which indemnity to the injured party is not the full measure of the damages which he may be entitled to recover, and it seems to me that this is a case of that character.' " Whether the instant case appropriately comes within the ambit of this rule cannot be presently determined. Ughetta, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.