■ MARS NOVELTY CORP., Respondent-Appellant, v SUNRISE MALL ASSOCIATES, Appellant-Respondent; AL PLANIT et al., Respondents.—In a shareholder's derivative action alleging waste of corporate assets, and seeking, *inter alia,* to enjoin the defendants Planit and Sunrise Mall Associates from terminating or interfering with the lease of Worldco Distributors, Inc., (1) the defendant landlord Sunrise Mall Associates appeals from an order of the Supreme Court, Nassau County (Collins, J.), entered March 15, 1990, which denied its motion to compel the plaintiff shareholder, Mars Novelty Corp., to pay it compensation for the plaintiff's use and occupancy of the premises known as 890 Sunrise Mall in Massapequa, during the pendency of the present litigation, and (2) the plaintiff appeals (a) from an order of the Supreme Court, Nassau County (Collins, J.), entered March 9, 1990, which, among other things, denied its motion to preliminarily enjoin the defendants, *inter alia,* from terminating the lease of the defendant Worldco Distributors, Inc., of property at the Sunrise Mall, (b) as limited by its brief, from so much of an order of the same court, entered May 1, 1990, as denied its motion for renewal of the prior motion to preliminarily enjoin the defendants, *inter alia,* from terminating the lease of the defendant Worldco Distributors, Inc., and (c) as limited by its brief, from stated portions of an order of the same court, entered October 12, 1990, which, *inter alia,* granted the motion of the defendant Sunrise Mall Associates for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the orders entered March 15, 1990, May 1, 1990, and October 12, 1990, are affirmed insofar as appealed from; and it is further,

Ordered that the appeal by the plaintiff from the order entered March 9, 1990, is dismissed as abandoned; and it is further,

Ordered that Sunrise Mall Associates is awarded one bill of costs.

In 1973 the defendant Sunrise Mall Associates (hereinafter Sunrise) entered into a lease of space to Worldco Distributors, Inc. (hereinafter Worldco I), a corporation formed in 1963 whose sole shareholder was the defendant Al Planit. The lease, which was to run for 20 years with an option to renew for an additional 10 years, specifically provided that the tenant could not transfer its interest in the leased premises without prior written consent from the landlord.

In December 1975 Worldco I was dissolved by proclamation of the New York Secretary of State due to its nonpayment of franchise taxes. However, this dissolution was improper, since Worldco I had earlier filed for bankruptcy and, at the time of the dissolution, the automatic stay provided by the bankruptcy law was still in effect. Thereafter, a certificate of incorporation was filed on behalf of Worldco Distributors, Inc. (hereinafter Worldco II) in May 1984. The shareholders of this new corporation were Planit and the plaintiff Mars Novelty Corp. (hereinafter Mars), which held 51% and 49% of the shares, respectively.

In November 1989 Planit and Sunrise entered into a lease surrender agreement. By notice dated November 21, 1989, Sunrise demanded delivery of possession of the subject leased premises from the occupants. These actions prompted Mars to commence the instant action seeking, *inter alia,* to enjoin Planit and Sunrise from terminating Worldco II's occupancy of the subject leased premises. In the interim, Mars moved for a preliminary injunction. Its application was denied by order entered March 9, 1990. In the accompanying decision the court found that Mars had failed to demonstrate a likelihood of success on the merits. The court found that Worldco II, incorporated in 1984, was a separate and distinct corporation from Worldco I, which had executed the lease in 1973, and that Worldco II was occupying the premises without the benefit of a lease.

In the meanwhile, Sunrise moved to compel Mars to pay it compensation for its use and occupancy of the subject premises, and for a determination that the acceptance of those payments would not create a tenancy. Contrary to Sunrise's assertion on appeal, the court properly denied its motion.

Sunrise was not entitled to rent because it asserted that the present occupants were not tenants. It was not then entitled to any type of compensatory damages, on the theory that the present occupants were trespassers, because at the time of the court's determination of its motion, the status of the present occupants had not been determined.

After the denial of its motion to preliminarily enjoin Sunrise from terminating the lease, Mars moved to renew. Upon its motion to renew, Mars first advised the court that Worldco I had filed for bankruptcy, precluding its dissolution by the Secretary of State for nonpayment of franchise taxes. The motion to renew was properly denied, because this new evidence was not material to the issues of this case. Whether Worldco I was improperly dissolved does not alter the fact that a separate and distinct corporation (albeit with the same name) was wrongfully occupying the subject premises.

During the pendency of this action, Sunrise also moved, *inter alia,* for summary judgment. Mars correctly asserts that the court erred in determining the issues presented on this motion by relying on its prior order denying Mars's motion for a preliminary injunction, since the granting or denying of a motion for a preliminary injunction does not constitute the law of the case with respect to the merits of the action *(see, Ratner v Fountains Clove Rd. Apts.,* 118 AD2d 843). However, upon searching the record *(see, Brandsetter v USAA Cas. Ins. Co.,* 163 AD2d 349, 351), we conclude that summary judgment was properly granted to Sunrise. That Worldco I was improperly dissolved does not change the fact that a newly-incorporated entity formed in 1984 was in possession of the subject premises. Sunrise's right to possession of the subject premises is superior to that of the present occupant, which is in essence a trespasser. Thus, Sunrise is entitled to recover possession of the property and the reasonable value of the use and occupancy of its property in the interim *(see, West St. Auto Serv. v Schmidt,* 26 AD2d 662). Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.