■ LEONORE KALLEN, Respondent, v JEAN T. KASIN et al., Appellants, et al., Defendants. [606 NYS2d 312] —In an action, *inter alia,* for a judgment declaring the rights of the parties with respect to a commercial lease executed by the plaintiff's predecessor in interest, as landlord, and the appellants' predecessor in interest, as tenant, the individual defendants and defendant Fishkill Health Related Center, Inc., appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Benson, J.), dated February 22, 1991, as granted the plaintiff's motion for partial summary judgment and declared that the appellants violated the lease by nonpayment of a security deposit, and (2) as limited by their brief, from stated portions of an order of the same court, dated August 2, 1991, which, *inter alia,* (a) upon reargument, adhered to the original determination, and (b) denied renewal.

Ordered that the appeal from the order dated February 22, 1991, is dismissed, as that order was superseded by the order dated August 2, 1991, and it is further,

Ordered that the order dated August 2, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff is the owner of a parcel of land improved by buildings located in Fishkill in Dutchess County. In December 1971 the plaintiff's predecessor in interest entered into a written 24-year lease with the decedent Robert R. Kasin for

the purpose of operating a health-related facility on the premises. The lease contained a clause which provided that, while the tenant would not be obliged to post any security, any assignee would be required to post a certified check representing five months rent as security.

In January 1977 the decedent died testate and bequeathed the health-related facility business to his trustee in trust for his wife, and designated three remaindermen. Because, under the circumstances, it would have been unlawful for a trustee to operate a health-related facility, the trust was terminated and legal title to the business vested in the remaindermen. Thereafter the remaindermen formed the defendant corporation Fishkill Health Related Center, Inc. (hereinafter the corporation), of which they were the sole shareholders, for the purpose of operating the health-related facility, and assigned the lease to the corporation.

In February 1983 the plaintiff wrote to the corporation advising it to post the security deposit due upon an assignment of the lease. In July 1987 the plaintiff again wrote to the corporation requesting its security deposit. Pursuant to a notice to terminate the lease, the plaintiff informed the corporation that she was terminating the lease as of April 2, 1988, and commenced this action for a judgment declaring the rights of the parties with respect to the lease. The Supreme Court granted the plaintiff's motion for partial summary judgment declaring that the corporation had breached the lease by failing to post the security deposit. This appeal by the individual defendants and the corporation ensued.

We reject the appellants' contention that the leasehold estate was transferred to the corporation by operation of law and therefore the assignment provisions in the lease do not apply. Because the purpose for which the express trust was created could not be carried out, the trust ceased to exist and the estate of the trustee also ceased (see, EPTL 7-2.2). The interest in the business and the leasehold estate passed by operation of law to the remaindermen (see, 106 NY Jur 2d, Trusts, § 561). However, once the remaindermen formed a corporation for the purpose of operating the health-related facility, the assignment of the lease to that corporation was an assignment contemplated under the provisions of the lease. Therefore, the corporation's failure to post a security deposit as required under the lease constituted a breach thereof.

Moreover, the appellants' motion to renew was properly denied, as the new evidence was not material to the issues in

the case *(see, Mars Novelty Corp. v Sunrise Mall Assocs.,* 181 AD2d 661, 662; *Vitale v La Cour,* 96 AD2d 941). Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur.